EXHIBIT CW
to OBJECTION to Motion
to Transfer Interest

**CLAIM 13**

**CIVIL ACT FOR DEPRIVATION OF RIGHTS 42 USC 1983**
**Flynn, Campbell, Grove, Gomez, Terry**

ORIGINAL FILED IN

JUL 2 2 2022

COMBINED COURT

1.  Montalbano incorporates the General Allegations in ¶¶1-281 by reference and in particular ¶¶207-280.

2.  The five Judicial Officers, Mr. Brian James Flynn [¶30], Mr. William Campbell [¶31] Mr. Matthew Grove [#32], Ms. Christina Gomez [¶33], and Ms. Diana Terry [¶34], ("Judicial Officers") acted under color of office and color of law presenting themselves as "Judicial Officers" in various Colorado Courts of law and Judicial Branches of government. Each were summoned into this instant case for depriving Ms. Alyssa Montalbano, an American Citizen, of the following clearly established Constitutional Rights they are sworn and duty bound to uphold and protect:

    a.  Right to trial by Jury for Defamation and civil claims (Colo. Const. Bill of Rights, Sec. 10 and 23)

    b.  Right to Due Process of Law (Colo. Const. Bill of Rights, Sec. 25 and 28)

    c.  Right to protect property (Intellectual Property)   (Colo. Const. Bill of Rights, Sec. 3

    d.  Right to fair and impartial treatment (Colo. Const. Bill of Rights, Sec. 6)

    e.  Right to protect writings and discoveries (U.S. Const. Art. I, Sec. 8, Cl. 8)

3.  Prior to serving on the bench or any Office of public trust, all executive, legislative and judicial branch employees are required to take an Oath of Office swearing they will support

1

the Constitution of the United States of America and the Colorado Constitution and that the Constitution is the supreme law of the land and is above any other state law or contrary laws, pursuant United States Constitution, Article VI:

**Article VI** – U.S. Constitution Article VI **[#295-2]** [1] )

"**[T]his Constitution,** and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, **shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby**, **any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.**

The Senators and Representatives before mentioned, and the Members of the several **State Legislatures, and all executive and judicial Officers,** both of the United States and of the several States, **shall be bound by Oath or Affirmation, to support this Constitution**; but no religious Test shall ever be required as a Qualification to any Office or public Trust under the United States." (emphasis added)

**4.** The Colorado Constitution states at Article XII, Section 8 (Oath) [2]:

**Section 8. Oath of civil officers. Every civil officer**, except members of the general assembly and such inferior officers as may be by law exempted, shall, **before he enters upon the duties of his office, take and subscribe an oath or**

---

[1] https://constitution.congress.gov/constitution/article-6/

[2] https://law.justia.com/constitution/colorado/cnart12.html#:~:text=(8)%20Persons%20in%20the%20personnel,all%20persons%20having%20like%20duties.

2

**affirmation to support the constitution of the United States and of the state of
Colorado, and to faithfully perform the duties of the office upon which he
shall be about to enter.** (Emphasis added)

5.  Brian James Flynn took the Oath of Office on January 10, 1995 and January 14, 1997 for the
Deputy District Attorney position swearing:

> "I, Brian J. Flynn, do solemnly swear by the ever living God, that I will support
> the Constitution of the United States of America and of the State of Colorado, and
> faithfully perform the duties of the office of Deputy District Attorney,
> 21st Judicial District." [#247-9 Mr. Flynn Oath of Office]

6.  Upon information and belief, Mr. Flynn, Ms. Diana Terry, Ms. Christina Gomez,
Mr. Matthew Grove, Mr. William Campbell ("Judicial Officers"), Ms. Valerie Yanaros, and
Ms. Elizabeth Lorie ("Attorneys"), have all taken an Oath of Office to be in their respective
Offices of Public trust.

7.  The Judicial Officers and Attorneys, have a duty to uphold the State and National
Constitutions before any state laws or any other law contrary the Constitutions (including
contrary case laws and statutes) pursuant their Oath of Office to U.S. Constitution,
Article VI.

## **BRIAN JAMES FLYNN, CHIEF JUDGE**

**8.**   Montalbano (Plaintiff) opened case 18CV50 in Mesa District Civil Court, June 25, 2018.

Chief Judge Brian James Flynn was assigned to the case.

**9.**   Montalbano sought injunctive relief to stop Mr. James Corey Goode (summoned Defendant)

from defaming Montalbano to mutual business associates, mutual consumers, and peers and

sought declaratory relief for the approximate 500 short stories, Intellectual Property (dreams

visions), delivered by mistake and error to Mr. Goode due to belief in his public frauds.

[#247-12, Original Complaint case18CV50]

DEFAMATION

**10.**   The Colorado Constitution, Bill of Rights, states:

> "Section 10. *Freedom of speech and press.* No law shall be passed impairing the freedom
>
> of speech; every person shall be free to speak, write or publish whatever he will on any
>
> subject, being responsible for all abuse of that liberty; and **in all suits and prosecutions**
>
> **for libel that truth thereof may be given in evidence, and the jury,** under the direction
>
> of the court, **shall determine the law and the fact.**" (emphasis added)

**11.**   Montalbano has an inalienable Constitutional Right to trial by jury for libel (defamation).

**12.**   Defamation per quod is defamation that is not apparent and must be proven by extrinsic

evidence.  Goode called Montalbano 'Dark Alliance' to multiple third-parties in print and

broadcast and this was shown to Flynn in case 18CV50 with extrinsic evidence to mean

Montalbano is a criminal, such as a stalker on August 2, 2019 with Motion for Leave to

Amend the Complaint including Exhibits  AQ-AY and multiple other exhibit filings.

**(Exhibit 1 – AQ – AY  Mesa Court Exhibit AW Facebook Dark Alliance and stalking defamation, Exhibit AX Dark Alliance = criminal; AY Twitter and Reddit Dark Alliance and stalking defamation)** **[#121-21 at 1-2 (Mesa exhibit AS – Facebook Dark Alliance and Stalking defamation),  3-4 (Mesa exhibit AU – Reddit Defamation),** 5 (Mesa exhibit AO – affair defamation),  6-7 (Mesa exhibit AP  - mutual associate Facebook affair defamation);   8-11 (Mesa exhibits CC and CL – YouTube and Twitter defamation), 12-13    (Mesa exhibit CM – YouTube defamation),  14-15 (Mesa exhibit CN – YouTube defamation); #121-5 (Mesa exhibit CR – Dark Alliance = criminal)]

13. Defamation per se is not capable of having an innocent meaning, such as calling someone a criminal stalker or having a sexual affair and is known to be inherently damaging and requires no extrinsic evidence or monetary damages to make a claim. Stalking is a crime in Colorado. Mr. Goode (the defendant in case 18CV50) publicly and privately (2018 to current) defamed Montalbano as a criminal stalker to mutual consumers, potential employers (Ms. Medvedich of GAIA INC [#121-8 at 2], and peers [#121-21]. Goode also defamed Montalbano as someone having an affair with himself. [#121-21 at 5]

14. Flynn knew about the malicious defamation per se being performed by Goode and his associates against Montalbano to hundreds of thousands (and potentially millions) of third-parties, in both published and broadcast mediums, as it was filed on the Mesa District Civil Court Record on the following dates as the following exhibits: ([#121-21] defamation samples)

a.  Exhibits AM, AO [#121-21 at 5], AP [#121-21 at 6-7]; filed March 25, 2019: filed with "Plaintiff's verified Original Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction **(Exhibit 2 – Motion with relevant exhibits [3] );**

b.  Exhibits AR [#121-8 at 2], AS  [#121-21 at 1-2], AT (Federal Court Fake Complaint filing by Yanaros), AU [#121-21 at 3], AV (Montalbano's artwork used at Goode's event [similar to #121-20 Mesa exhibit AL]), AW  (Facebook Defamation), AX (Dark Alliance), AY (Goode Dark Alliance and Twitter defamation and threats), filed August 2, 2019 "with "Motion For Leave of the Court to Amend the Complaint" and "Plaintiff's Motion for Preliminary Injunction"  **(Exhibit 3 – Motions and Exhibits);**

c.  Exhibit AZ filed September 9, 2019; filed with "Motion to Rule on Motions" **(Exhibit 4);**

d.  And Exhibits CK, CL [#121-21 at 9-10], CN [121-21 at 14-15], CO, and CR [#121-5 (Dark Alliance = criminal] filed July 20, 2020  with "Plaintiff's Motion to Void Order of Dismissal PURSUANT Colo.R.Civ.P 60(b)(1),(2),(5) For Mistake, Misconduct, and New Evidence and Plaintiff's Motion for Leave to File Amended Complaint Pursuant CRCP 15" that Flynn denied. **(Exhibit 5 – Mesa Exhibit CK** showing Goode working with Aaron Moriarity (to cyberstalk Montalbano) and defame other peers in the same or similar professions as Goode calling them 'cabal' (criminals); and **Mesa Exhibit CO** showing Goode declaring he's targeting Montalbano for harassment)

15.  Flynn willfully and maliciously ignored all exhibits filed by Montalbano in case 18CV50 in full support of her unusual trade secret case and defamation claims filed as Exhibits: A thru Z, AA thru AZ, BA thru BZ, CA thru CV, and miscellaneous non-alphabet labelled exhibits.

*Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1334 (8th Cir. 1975)* "(A) complaint should not be dismissed merely because a plaintiff's allegations do not

---

[3] Relevant exhibits re-included for higher quality image

support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974). Thus, if the court were to entertain any motion to dismiss this court would have to apply the standards of *White v. Bloom*.

https://case-law.vlex.com/vid/526-f-2d-1331-595984874

16.   Flynn ignored public records, self-authenticating records, and Court Rules regarding evidence all during case 18CV50, to include but not limited to:

a.   Mesa CLERK AND RECORDER reception #2843230 filed June 7, 2018 [#295-1]

b.   Broomfield Combined Court Records proving perjury and malicious intent by opposing party. **(See Exhibit 1 at 2,** Goode claiming he doesn't have a stalking protection order issued against himself and lying Montalbano phones him all the time when Montalbano doesn't have his phone number; **See Exhibit 3 at 24  -** Motion for Injunction by Montalbano regarding these fabrications)

c.   Texas Court records showing a lifelong stalking protection order against Goode and that Goode lied on the Broomfield court record through knowingly denying he had a stalking protection order issued against him **(See Exhibit 1 at 2)**, while he fraudulently obtained a  Temporary Restraining Order (TRO) with 'counsel' Yanaros' help, against Montalbano. **(See Exhibit 3 at 24, and at 46  No. 24  - Darling v. Goode; and see Exhibit 7 at 30-33 Protection Order))**

    **d.**    Denver Federal Court showing perjury and fraudulent document filings and abuse of process by opposing party. **(See Exhibit 3 at 49   No. 35-38)** [#26-6 Mesa Court Exhibit Q - fake complaint Denver Federal Court filed by Yanaros]

    **e.**    Copyright records showing Montalbano's "Dream Visions' are legally tangible and intangible Intellectual Property. [#121-25 Mesa Court Exhibit X]

**17.**    Flynn knew about the three malicious and baseless stalking cases filed or attempted to be filed by Goode and Yanaros (2018-2020) against Montalbano, and that they repeatedly lost their vexatious cases even with fabricated evidence, as Flynn was noticed multiple times on the Mesa District Civil Court Record with repeat requests by Montalbano for Injunctive Relief. Flynn did nothing. Montalbano incorporates by reference the Abuse of Process claim and Malicious Prosecution claim damages against Mr. Flynn as directly resultant from his repeat failure of duty to stop the abuses and thereby depriving Montalbano of her Constitutional Right to Due Process of Law and Equal Protection under the law requiring him to stop the abuses.

**18.**  Montalbano showed Flynn on December 11, 2018; via filing the following motions;  that Goode lied on the Broomfield Court record to open the criminal stalking case in July 2018 against Montalbano and that the case was dismissed in Montalbano's favor:

    **a.**    "Motion to Impose Sanctions on Defendant" December 11, 2018  **(Exhibit  6)**

    b.   Motion to set scheduling hearing  **(Exhibit 7 at 30-33,** labeled Exhibit C in Grievance filing against Yanaros showing permanent stalking Protection Order issued against her 'client' Goode. Impeaching Goode's Broomfield testimony, by proving he lied on the Broomfield Court Record he didn't have one issued against himself.)

**19.** Montalbano asked for Injunctive Relief, entry into discovery, and/or hearings on at least thirteen occasions in case 18CV50 to stop the harassment by Goode and Yanaros, 2018 – 2020. Flynn prejudicially denied all Montalbano's requests:

  **a.**  Motion for Default Judgment to Order Cease and Desist Unauthorized Use of Intellectual Property, Dream Visions, Copyrighted Materials and Defamation of Character, filed June 25, 2018 – denied May 14, 2019.

  **b.**  Motion to Set a Hearing Date, filed August 30, 2018 – Denied May 14, 2019

  **c.**  Motion to Set Scheduling Hearing, filed December 11, 2018 – denied May 14, 2019

  **d.**  Motion to Impose Sanctions on Defendant, filed December 11, 2018 – denied May 14, 2019

  **e.**  Motion for Permanent Injunctive Relief, filed December 27, 2018 – Denied May 14, 2019

  **f.**  Plaintiff's Motion for Preliminary Injunction filed August 2, 2019 – denied January 29, 2020

  **g.**  Motion to Set Hearing for Motion to Amend Complaint, filed November 1, 2019 – denied January 29, 2020

  **h.**  Second Motion to Set Hearing For Motion to Amend Complaint and Preliminary Injunction, filed January 3, 2020 – denied Jan 29, 2020

  **i.**  Third motion to set hearing for Motion to Amend Complaint and Preliminary Injunction, filed January 22, 2020 – denied January 29, 2020

  **j.**  Motion for Citizens Demand of Trial By Jury, filed February 12, 2020 – denied August 5, 2020

    **k.**    Complaint and Jury Demand, filed February 27, 2019 – denied

    **l.**    Plaintiff's Motion for Preliminary Injunction, filed August 2, 2019 - denied August 5, 2020

    **m.**    Statement of Jury Demand for the November 13, 2018 Amended Complaint and statement filed June 10, 2019 - denied - through unconstitutional dismissal of this instant case completely devoid of Due Process of law, and thereby Void January 29, 2020 'orders.'

20. Flynn barely interacted with case 18CV50 and issued orders relevant to the matters at issue and law only on two notable occasions, May 14, 2019 (11 months after case opening) and January 29, 2020 to dismiss the case ( 1year and 7 months after case opening) and once more after his biased dismissal, August 5, 2020 (see above).

21. Flynn had already decided public figure, Defendant, Mr. Goode and his licensed peers, Ms. Yanaros and Ms. Lorie would 'win' case 18CV50 regardless to what Montalbano filed, and Mr. Flynn would just lie in his Court orders to ensure they 'won', notably seen in his Dismissal orders, January 29, 2020, where he lied no defamation was shown.

22. Flynn repeatedly prejudicially refused to let Montalbano lawfully amend the Complaint since November 13, 2018 to conform it to the vast amounts of evidence on the Mesa Court Record.

23. Flynn knowingly denied the following plausible causes of action and plausible claims and injunctive relief requested in multiple amended complaints and hearing requests since November 13, 2018: Fraudulent Misrepresentation (Fraud); Trade Secret Misappropriation C.R.S. § 7-74-101 Et Seq. (CUTSA); Violation of the Colorado Consumer Protection Act (CCPA) C.R.S. §6-1-101, Et Seq. C.R.C.P. Rule 9(B); Civil Conspiracy; Abuse Of Process;

Malicious Prosecutions, Defamation CRS 13-80-103; and Unjust Enrichment CRS 7-74-104

See Lewis v. Lewis, 189 P.3d 1134 (Colo 2008).

24. Montalbano filed motions to claim and exercise her Constitutional Rights on two occasions, and Flynn denied them:

    a.    In May 14, 2019 Orders, Flynn –Denied- Ms. Montalbano's "Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule Upon the Motion and All Public Officers of this Court to Uphold Said Rights" filed July 18, 2018. **[#222-2 at 8]**

    b.    In August 5, 2020 Orders, Mr. Flynn –Denied- **[#121-24 at 4-5]** Ms. Montalbano's "Second Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule Upon this Motion" filed February 12, 2020. **(Exhibit 8)**

25. Flynn had a duty to uphold the United States Constitution, Article VI, pursuant his Oath and to Grant Constitutional Rights on the Court record. Flynn knowingly and maliciously repeatedly took them away.

26. Flynn overtly lost jurisdiction of Case 18CV50, May 14, 2019, when he denied Montalbano her Constitutional Rights and rendered all his 'orders' in case 18CV50 VOID for knowing and willful failure to follow Due Process of Law and provide equality of justice. Flynn knew Constitutional Law was the Supreme authority within case 18CV50 pursuant his Oath of Office and that his duty to uphold his Oath was reasonably expected to be performed, as

Montalbano added it to the cover sheet when filing the original complaint, June 25, 2018.
**[#247-12 at 2, No 2]**


 *Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828).* Under Federal Law, which is
applicable to all states, the U.S. Supreme Court stated that "**if a court is without
authority, its judgments and orders are regarded as nullities. They are not voidable,
but simply void,** and form no bar to a recover sought, **even prior to a reversal in
opposition to them.** They constitute no justification **and all persons concerned in
executing such judgments or sentences are considered, in law, as trespassers.**"
(emphasis added) https://supreme.justia.com/cases/federal/us/26/328/


27. On January 29, 2020 Flynn dismissed case 18CV50 and lied no defamation was shown.
**[#121- 24 at 3  (same as #222-6)]** The State and National Constitutions did not give Flynn
powers to lie in Court or to decide that Defamation laws do not apply to Montalbano. Flynn
is a trespasser of the law.


28. Flynn had a Duty to uphold Section 10 of the Colorado Constitution pursuant his Oath and
take the defamation matter to the jury; without being asked in exactly perfect legal terms by
Montalbano; because it is his sworn duty to faithfully perform the duties of his Office.


29. Montalbano incorporates by reference the Defamation claim damages (including the false
judgment of $116,000) against Brian James Flynn for his willful refusal to stop defamation
pursuant his Oath of Office and directly causing years of damages  to Montalbano and her
book publishing business, Ari Stone Art LLC.

30. Brian James Flynn, knowingly denied Montalbano her constitutionally secured right to a trial by jury. (Colorado Constitution, Article II, Sections: 3, 6, 10, 25; and Constitution of the United States of America, Bill of Rights, Articles, V, VII)

TRADE SECRETS / INTELLECTUAL PROPERTY

31. Montalbano sought declaratory relief for her trade secret Intellectual Property to be declared legally hers in case 18CV50, June 25, 2018.

32. The Constitution of the United States of America states at Article I, Section 8, Clause 8:

> **Article I, Section 8, Clause 8 [#295-5][4]**
>
> > "To promote the Progress of Science and useful Arts, **by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries"** (emphasis added)

33. Montalbano has an inalienable Right as an author to protect her writings and discoveries.

[#291-1 PLAC Certified Record and #121-25 Copyrights] Flynn had a duty to know and uphold this right pursuant his Oath of Office.

34. Montalbano showed Flynn, January 2019, she held federal copyrights for her Dream Vision writings and published portions of her Trade Secret dream discoveries. [#121-25 Copyrights – Note it was filed as Exhibit X on Mesa Court Record January 30, 2019 with "Reply to Defendant's Response to Plaintiff's Motion to Set Hearing", proving Montalbano's' 'Dream Visions' are tangible and fixed works].

---

[4] U.S. Constitution, Article 1, Section 8 Clause 8
  https://constitution.congress.gov/browse/article-1/section-8/clause-8/

35. Montalbano showed Mr. Flynn December 27, 2018 in "Motion For Permanent Injunctive Relief" that Mr. Goode and Ms. Montalbano agreed that approximately 400 emails and attached dream vision records were delivered to Goode by email, in a Fixed format, from Montalbano, as it was in his verified complaint filed on the Broomfield Court Record, July 17, 2018,  and Montalbano asked Flynn for Injunctive relief to simply declare the unpublished literary works and associated emails legally Montalbano's trade secret IP as Montalbano and Goode were in agreement the IP records were Montalbano's. **(Exhibit 9)**

36. On January 29, 2020 Flynn dismissed case 18CV50 and lied in his orders [#121- 24 at 3  (same as #222-6)]  Montalbano's Intellectual property (referred to as Dream Visions), was not tangible or intangible, when it is legally both. Tangible for being contained in physical books or printed on paper, and intangible for being Intellectual Property in a Fixed format. [SACC ¶¶423-431 "Fixed Work" and Trade Secrets defined as anything secret and of value to a business; ¶¶479-488 Title 17 Literary Works]

37. It is not a judicial function for a Judge to lie in court orders. The State and National Constitutions did not give Flynn powers to lie in Court or to decide that Intellectual Property laws do not apply to Montalbano. Flynn is a trespasser of the law.

> McLean v. Jephson, 123 N.Y. 142, 25 N.E. 409. "* * * So when their right to act depends upon the existence of some fact, which they erroneously determine to exist, their acts are void. * * *" **Without jurisdiction, the acts or judgments of the court are void and open to collateral attack.** (emphasis added)

38. Flynn has a duty pursuant his Oath of Office to uphold the United States Constitution, Article I, Section 8, Clause 8, and protect Montalbano's rights as an author; without being asked in exactly perfect legal terms by Montalbano; because it is his sworn duty to faithfully perform the duties of his Office.

> *Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974)*
>
> Note: By law, **a judge is a state officer. The judge then acts not as a judge, but as a private individual (in his person). When a judge acts as a trespasser of the law,** when a judge **does not follow the law**, the Judge **loses subject-matter jurisdiction and the judges' orders are not voidable, but VOID, and of no legal force or effect.**
>
> The U.S. Supreme Court stated that **"when a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity** from responsibility to the supreme authority of the United States."https://www.law.cornell.edu/supremecourt/text/386/547 (emphasis added)

39. Montalbano incorporates by reference the Trade Secret claim damages and Copyright Claim damages against Brian James Flynn for his willful refusal to uphold United States Constitution, Article I, Section 8, Clause 8 pursuant his Oath of Office, that directly caused

years of ongoing Intellectual Property damages to Montalbano and her book publishing business, Ari Stone Art LLC.

40.  Flynn lying at least twice in his January 29, 2020 order [#121-24 at 3] and denying Constitutional Rights on at least two overt occasions [#222-2 at 8 - May 14, 2019 orders; and #121-24 at 4-5 – August 5, 2020  orders], were acts of a biased private individual and the state has no power to impart immunities to him (See Stripping Doctrine,  Ex Parte Young, 209 U.S. 123 (1908)) as he did not follow the law and lost subject matter jurisdiction. (*Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974)*)

41.  The Colorado Constitution states in the Bill of Rights, Section 6:

> "**Section 6.** Equality of justice. **Courts of justice shall be open to every person, and a speedy remedy affordable** for every injury to person, property or character, and right and justice should be administered **without** sale, **denial or delay**." (emphasis added)

42.  Flynn had a duty pursuant his Oath to uphold the Colorado Constitution, Bill of Rights, Section 6, to be fair and impartial in case 18CV50 and to give Montalbano a speedy remedy without denial, Flynn took these Rights away by ignoring and delaying case 18CV50 and then overtly lying January 29, 2020 to unlawfully dismiss it over a year and half after filing.

43.  Montalbano reasonably relied on Flynn to faithfully perform his sworn duties in case 18CV50 pursuant his Oath of Office.

44. Flynn was prejudice against case 18CV50 Plaintiff, Ms. Alyssa Montalbano, for being a pro se female litigant, poor, a non-famous author-artist, and legitimate dream researcher and was biased for male Defendant, Mr. James Corey Goode, a rich and famous public figure author-artist and fraud alien dream teacher working with famous pornography stars (Ms. Jenny McCarthy) [#111, ¶119], and famous fraud author dream teacher/researcher, David Wilcock [#111, ¶21], and having licensed peers (counsels), Ms. Valerie Yanaros and Ms. Lorie.

45. It is not a judicial function to deny and ignore public records, facts, law, and evidence in a case to prejudicially rule in favor of one party to the detriment of another.

46. The Colorado Constitution states at Article XII, Section 10:

> **Section 10.  Refusal to qualify vacancy. If any person elected or appointed to any office shall refuse or neglect to qualify** therein within the time prescribed by law, **such office shall be deemed vacant.** (Emphasis added)

47. Flynn repeatedly refused to perform his sworn duties (i.e stop defamation and protect Intellectual Property) and pursuant his Oath of Office he vacated his office of public trust as 'Judge' in case 18CV50 because he failed to qualify therein and acted in his personal capacity and not his professional capacity and was stripped of any perceived immunities and lost jurisdiction to be a trespasser of the law and minster of his own prejudice against female pro se litigant Montalbano.

> *386 U.S. 547 PERSON ET AL. v RAY ET AL.* When a judge acts intentionally and knowingly to deprive a person of his constitutional rights he exercise no

17

discretion or individual judgment; he acts no longer as a judge, but as a "minister" of his own prejudices. [386 U.S. 547, 568].

https://www.law.cornell.edu/supremecourt/text/386/547

48. Immunities go to the performance of protected tasks; not the Office.

 "The notion is that since the immunity goes to the task, it does not matter who the individual is performing it.  The same is true with regard to prosecutors." Chemerinsky, Erwin (1999) "Prosecutorial Immunity," Touro Law Review, Col 15: No 4, Article 23. p1.].

49. Protected tasks, for which judicial immunities apply, are described in the United States Constitution and Colorado Constitution notably in the Bill of Rights.

50. Flynn had a duty, pursuant his Oath of Office, to tell the truth on the Mesa Court record in his order January 29,2020 [#121-24 at 3] and a duty to equally apply the laws, he did not. Flynn violated Due Process of Law and perjured his oath of office.

Pennover v. Neff, 95 U.S. 714. " A judgment rendered in violation of due process is void." https://supreme.justia.com/cases/federal/us/95/714/  (emphasis added)

McLean v. Jephson, 123 N.Y. 142, 25 N.E. 409. "*Page 150 This proposition cannot be predicated of this case, either in fact or in law; some of the duties of assessors are judicial in their nature, and as to them **while acting within the scope of their authority, they are protected from attack, collaterally, to the same extent as other judicial officers; but they are subordinate officers, possessing no authority, except such as is conferred upon them** by statute, and

> it is a well-settled and salutary rule that **such officers must see that they act within the authority committed to them. * * * So when their right to act depends upon the existence of some fact, which they erroneously determine to exist, their acts are void. * * *"** Without jurisdiction, the acts or judgments of the court (officer) are void **and open to collateral attack.** (emphasis added) https://www.courtlistener.com/opinion/3600537/mclean-v-jephson/

51. Flynn erroneously thought he had powers to take away Montalbano's Constitutional Rights and immunities to lie during case 18CV50, and did not protect or uphold Constitutional Rights pursuant his Oath of Office and all his 'orders' and 'judgment' are void [5] and open to collateral attack in this instant case as he possess no authority outside the scope of those the State and National Constitutions give him and to which he is duty bound to support above all other laws pursuant his Oath of Office to have judicial immunities.

52. Flynn issued orders knowingly repugnant to the Constitution on multiple occasions and rendered all his orders in case 18CV50 VOID. ([**#222-2 at 8**] May 14, 2019 Order – officially denying Constitutional Rights on the Mesa Court Record; [**#121-24 at 3**] January 29, 2020 lying in court orders no defamation shown and IP didn't exist; and August 5, 2020 'orders' [121-24 at 4-5] – denying Montalbano her Constitutional rights a second time **(Exhibit 8)**

> *Marbury v. Madison, 1 Cranch 137 (1803)*. ". . .the particular phraseology of the constitution of the United States confirms and strengthens the principle, supposed to be essential to all written constitutions, that **a law repugnant to the**

---

[5] Black Law Dictionary Eighth Edition at p792 **"void judgment.** A judgment that has no legal force or effect. The invalidity of which may be asserted by any party whose rights are affected at any time and any place, whether directly or collaterally. * From its inception, a void judgment continues to be absolutely null. It is incapable of being confirmed, ratified, or enforced in any manner or to any degree. One source of a void judgment is the lack of subject-matter jurisdiction."

**constitution is void,** and that courts, as well as other departments, are bound by

that instrument." https://supreme.justia.com/cases/federal/us/5/137/

(emphasis added)

*Duncan v. Missouri, 152 U.S. 377, 382 (1894).* **Due process of law and the**

**equal protection of the laws are secured if the laws operate on all alike**, and

do not subject the individual to an arbitrary exercise of the powers of

government." (emphasis added)

https://supreme.justia.com/cases/federal/us/152/377/

53. Montalbano filed a "Motion to Recuse" Flynn on February 12, 2020 **(Exhibit 10)** (which

tolled the time for appeal) along with filing "Motion to Void Judgment Persuant Rule

60(b)(3), (4) and (d)(3)" and "Second Motion to Claim and Exercise Constitutional

Rights…" and "Motion for Citizen's Demand for Trial by Jury" and "Motion Demand Court

Read all Pleadings Plaintiff Files and Adhere to Constitutionally Compliant Case Law…"

Flynn prejudicially denied all the motions August 5, 2020.

54. Yanaros and Lorie, (attorneys) did nothing to stop or report Flynn's civil rights violations,

pursuant their own Oaths and sworn duties to uphold Constitutional Rights above all else;

and instead they and their 'client' (fraud co-worker) Mr. Goode capitalized on Flynn's Court

Frauds to further promote their Enterprise's public Rackets (RICO Claim) and Frauds (Fraud

Claim and Violation CCPA claim) and are trespassers in law with Flynn.

55. Upon information and belief Mr. Flynn accepted bribes, was threatened (coerced), and/or

otherwise negotiated a deal with public figure Mr. Goode and his counsels, Ms. Yanaros and

Ms. Lorie, outside of Mesa Court agreeing to fail to do his job in case 18CV50 and to lie in

his dismissal orders to unlawfully throw the case to them. (See **Exhibit 3 at 57-60,** where Goode publicly tweets on May 27, 2019 the Mesa Case is to be dismissed with prejudice by mid-June and again on June 19, 2019 Goode states the case will be dismissed, when Flynn had only just entered the May 14, 2019 orders for Goode to respond to the complaint. Goode and counsel Yanaros filed another MTD that was later granted by Flynn).

56. Montalbano incorporates by reference the Unjust Enrichment claim against Brian James Flynn, for him unlawfully issuing dismissal orders (January 29, 2020) to knowingly fund The Enterprise's Racketeering and Defamation acts ($116,600) when he had a duty to stop them. [#121-21 at 10, Goode bragging on Twitter about the lies in Flynn's January 29, 2020 orders that he didn't defame Montalbano and that Montalbano is to pay him and Yanaros for their defamation and extortion rackets]

72. Flynn maliciously refused to perform his sworn duties all during case 18CV50 and acted as a private individual with bias, causing years of personal, emotional, financial and professional damages to Montalbano since June 2018

> 621 F2d 276 White v. Bloom. "**A court faced with a motion to dismiss a pro se complaint alleging violations of civil rights must read the complaint's allegations expansively,** Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972), **and take them as true** for purposes of deciding whether they state a claim. Cruz v. Beto, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972). **Moreover, "the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory."** Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1334 (8th Cir.

1975) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)).

(emphasis added) https://openjurist.org/621/f2d/276/white-v-bloom

## WILLIAM CAMPBELL, JUDICIAL COMMISSION

57.     William Campbell, Colorado Judicial Commission employee and public servant, knowingly failed to remove Flynn from case 18CV50 for failure to faithfully perform his judicial duties or discipline him for civil rights violations when he (Judicial Commission) was repeatedly asked on three separate occasions by Montalbano. (2019-2020)

58.     Mr. Campbell's job, in fact and law, is to remove prejudice judges who repeatedly and willfully fail to perform their judicial duties or incompetently perform their duties. Flynn did not faithfully perform his judicial duty and Campbell sought to conceal the violations and made up excuses as to why Flynn was not performing his job, aka. just too busy.

59.     Mr. William Sightler, Chief Executive Mesa District Civil Court, was notified about Flynn's violations and asked to replace Flynn pursuant CRCP Rule 97 where it states the Court Administrator (now referred to as Court Executive) is to replace disqualified Judges. Sightler also supported Flynn's civil rights violations against Montalbano and did nothing.

60.  Under the Colorado Code of Judicial Conduct Rule 2.11, Disqualification, to wit:

" (A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality* might reasonably be questioned, including but not limited to the following circumstances:

(1) The judge has a personal bias or prejudice concerning a party or a

party's lawyer…

Upon reasonable inference of a "bent of mind" that will prevent judge from dealing fairly with party seeking recusal, it is incumbent on trial judge to recuse himself. Wright v. District Court, 731 P.2d 661 (Colo. 1987).

https://law.justia.com/cases/colorado/supreme-court/1987/86sa364-0.html

61. Flynn had a duty to Recuse himself since at least February 12, 2020 pursuant CRCP 97 and Code of Judicial Conduct 2.11, when Montalbano filed the Motion to Recuse him **(Exhibit 10)**, as he had a clear 'bent of mind' that was so strong he lied in his dismissal orders twice (No Defamation and Trade Secret IP didn't exist) to dispose of case 18CV50 completely devoid of due process of law.

62. On the following dates Montalbano asked Campbell to remove Flynn from case 18CV50 for prejudice and persistent failure to perform in case 18CV50. [#247-4]

    a. January 13, 2019, conduct/prejudice - failure to perform.

    b. September 30, 2019, conduct - failure to perform

    c. August 31, 2020, misconduct/prejudice/bias - Civil Rights Violations.

*Giozza v. Tiernman, 148 U.S. 657, 662 (1893),* Citations Omitted. "Undoubtedly it (the Fourteenth Amendment) forbids any arbitrary deprivation of life, liberty, or property, and secures equal protection to all under like circumstances in the enjoyment of their rights. . . It is enough that there is not discrimination in favor of one as against another of the same class. . . . And due process of law within the meaning of the [Fifth and Fourteenth] amendment is secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government. Leeper v. Texas, 139 U. S. 462."
https://supreme.justia.com/cases/federal/us/148/657/

63. <u>The Colorado Constitution states at Article VI, Section 23(3)(d)-(e)</u>

**Article VI, Section 23(3)(d)-(e) [6]** - Judicial Discipline – Removal of justices or judges [#247-5 Article VI, Colorado Constitution]:

"(d) **A justice or judge of any court of record of this state**, in accordance with the procedure set forth in this subsection (3), **may be removed or disciplined for willful misconduct in office, willful persistent failure to perform his duties,** intemperance, **or violation of any canon of the Colorado code of judicial conduct…**"

"(e) **The commission may**, after such investigation as it deems necessary, **order informal remedial action; order a formal hearing to be held before it concerning the removal, retirement,** suspension, censure, **reprimand, or other discipline of a justice or a judge**…"(emphasis added)

64. Campbell has a duty pursuant his Oath of Office to uphold the Colorado Constitution, Article VI, Section 23(3)(d)-(e) to investigate and remove a persistently failing to perform Judicial Officer; and in particular Mr. Flynn from case 18CV50; when asked.

65. Campbell's Judicial Commission duties also include simply speaking with a failing to perform Judge to see if performance issues can be corrected without any formal hearings or formal discipline, Campbell did nothing.  [#294-2 Colorado Court News welcoming Campbell as "Interim Executive Director"  and stating "The commission may take various actions to remedy improper conduct including simply meeting with the judge"]

---

[6] Colorado Constitution, Article VI, Section 23  https://law.justia.com/constitution/colorado/cnart6.html

66. Montalbano reasonably relied on Campbell to faithfully perform his sworn duties and speak with Judge Flynn to see if Flynn would faithfully perform his duties (i.e. do his job) in case 18CV50 and if not Campbell had a duty (at the very least) to recuse Judge Flynn for over a year and a half of persistent refusal to perform and for willfully and repeatedly failing to uphold Constitutional Rights on the Mesa Court Record and lying in court orders.

67. Mr. Flynn has a pattern of: 1) Failing to perform his duties and not respond for months or even a year to related inquiries. 2) Issuing orders that violate civil rights. 3) Other officers supporting his violations. [See Docket 247-2 ( illustrative pages) Denver Federal Court case, 1:20-cv-02296-RM-SKC, Foster v. Flynn and et. al. filed August 4, 2020 [#50], by Mr. Elson Foster (represented by counsel), against Flynn for administrative performance failures that violated Civil Rights and directly resulted in the repeat and unlawful seven re-arrests of Mr. Foster whose protection order should have been vacated.]

68. While Flynn presided over case 18CV50, Montalbano endured the following criminal stalking prosecutions and threats of criminal stalking prosecutions before Campbell was asked to remove Flynn

   a. June 2018 [¶225] (failed prosecution just prior case 18CV50)

   b. July 17, 2018-Aug 6, 2018 [¶239] (Broomfield Combined Courts, Case 18C103)

69. Montalbano endured the following criminal and civil prosecutions and threats of prosecutions after Campbell was asked to remove Flynn

   a. March 11, 2020 (Broomfield Combined Courts, case 20C32) [¶250]

b. March 17, 2020 (This instant case, 1:20-CV-00742-DDD-KLM) [#1]

70. Montalbano phoned or went in person to various police departments during case 18CV50 asking them to stop the harassment (by Goode, Yanaros and Lorie) because Flynn was willfully refusing to perform and Campbell was willfully refusing to remove him. The Police could not do anything without a Court order.

   a. June 2019 – Grand Junction Police Department (incident 19-1519 and 19-37060) [¶266]

   b. June 2019 – Broomfield Police Department (incident 19-351513) [¶267]

   c. July 4, 2019 – (incident 201918318) [¶269]

71. Montalbano opened the following case seeking injunctive relief (a court order) because Flynn was refusing to perform in case 18CV50 and Campbell was refusing to remove him and Goode and Yanaros would not stop their harassment of Montalbano:

   a. July 3, 2019 – Mesa District Civil Court (case 19C807) [¶268]

72. Campbell knew Flynn was failing to perform in case 18CV50, as Montalbano asked Campbell three times [#247-4] over the course of a year and a half to remove Flynn and Campbell did nothing.

73. Campbell willfully refused to perform his sworn Constitutional duties and pursuant his Oath of Office he vacated his office of public trust as Judicial Commissioner and acted in his personal capacity and not his professional capacity to be a trespasser in the law with Flynn and both were stripped of any perceived immunities for failure to perform the protected and sworn to Constitutional tasks/duties.

This is defined by law as the *Stripping Doctrine.*

In Ex Parte Young, 209 U.S. 123 (1908), the Supreme Court provided an important exception to the 11th Amendment sovereign immunity States enjoy: the Stripping Doctrine.

**The Stripping Doctrine** is a legal fiction which **allows injunctive relie**f against what are essentially state actions. While the 11th Amendment immunizes States from actions by private parties, the Stripping Doctrine argues that **when a state officer takes an unconstitutional action, he acts beyond the scope of his authority, as no State could have authorized him to act unconstitutionally. When acting outside such authority the officer was "stripped" of his official power and cannot invoke the State's immunity, although, he remains subject to the consequences of his official conduct.**

The doctrine is a legal fiction **because the officer, in acting unconstitutionally, was outside his official duties, but the citizen can now sue him for injunctive relief in his official capacity, no remedy could be provided for an otherwise unconstitutional action** (as the State itself is immune from prosecutions). https://supreme.justia.com/cases/federal/us/209/123/ (emphasis added)

74. Flynn and Campbell were not authorized by the State to act unconstitutionally and acted outside the scope of their Constitutional authority when they violated Constitutional Civil Rights rather than upholding them by repeatedly refusing to perform their protected tasks/duties when asked multiple times and both were stripped of any perceived immunities.

75. Montalbano incorporates by reference the Civil Conspiracy and Unjust Enrichment claims against William Campbell, for refusing to remove Flynn from case 18CV50 when asked three times and supporting funding The Enterprise's Racketeering acts with Flynn's fake Judgment when he had a duty to investigate and remove Flynn from the case for over a year prior entry of the $116,000 Color of Law [7] judgment.

---

[7] Blacks Law Dictionary Eighth Abridged Edition, p222, "**color of law.** The appearance of semblance, without the substance, of a legal right. * The term usu. implies a misuse of power made possible because

76. Campbell's willful and malicious refusal to perform his sworn duties directly caused years of personal, emotional, financial, and professional damages to Montalbano and her publishing business Ari Stone Art LLC.

## **MATTHEW GROVE, CHRISTINA GOMEZ, DIANA TERRY, APPEALS COURT JUDGES**

77. Montalbano appealed case 18CV50, on October 14, 2020, to the Colorado Court of Appeals (2020CA1775), believing it to be timely appealed (and still does) as the Mesa Court Records Montalbano has access to clearly states entry of final judgment was August 5, 2020 [#222-4 at 9], not January 29, 2020; and Court Rules clearly state the appeals court may hear appeals within 49 days of entry of final judgments (C.R.A.P.Rule 4(a)(1)) unless appeal is tolled pursuant C.R.A.P. 4(a)(3) and appeal was tolled pursuant the Court Rules Montalbano was given. [#217 ¶278-279; #222-9 Mesa Case 18CV50 Appealed as case 20CA1775; #222-11 Montalbano response to order to show cause that appeal was timely]

78. Upon information and belief, Mr. Flynn willfully and maliciously did not enter final judgment with the January 29, 2020 dismissal order; till August 5, 2020; to intentionally confuse and further violate Civil Rights of female pro se litigant Montalbano on when to appeal.

79. Matthew Grove, Diana Terry, and Christina Gomez, ("Appeals Judicial Officers") were assigned to the case.

---

the wrongdoer is clothed with the authority of the state. *State action* is synonymous with *color of [state] law* in the context of federal civil-rights statutes or criminal law. See STATE ACTION"

80. The Appeals Officers dismissed the case "with prejudice" for allegedly being untimely appealed and performed no case review. [#222-10 and #222-12 Dismissal "with Prejudice" order]

81. The Appeals Officers had a Duty to uphold Colorado Court of Appeals final judgment rules. (CRAP 4(a) regarding timely appeal of entered final judgments)

82. The Appeals Officers had a Duty to uphold Section 10 of the Colorado Constitution above all other laws pursuant their Oath and ensure any orders they entered protected Montalbano's Right regarding the defamation matter being taken to a jury.

83. The Appeals Officers had a Duty to uphold The Constitution of the United States of America, Article I, Section 8, Clause 8, above all other laws pursuant their Oath to protect author Montalbano's writings and discoveries (Intellectual Property).

84. Montalbano reasonably relied on the fact that the Appeals Judicial Officers would faithfully perform their sworn duties and would protect Constitutional Rights above all else pursuant their sworn Oath of Office.

85. The Appeals Officers denied the lawfully timely filed appeal of the entered August 5, 2020 judgment, "with prejudice." Taking away Montalbano's Right to Due Process of Law, regarding appeal of entered final judgments.

86. The Appeals Officers wrote orders that took away Montalbano's Constitutional right for trial by jury on the defamation matter, by dismissing the case "with prejudice".

87. The Appeals Offers wrote orders that took away Montalbano's Constitutional Right to protect her writings and discoveries, by dismissing the case "with prejudice".

88. The Appeals Officers were not authorized by the State to act unconstitutionally and acted outside the scope of their Constitutional authority when they violated Constitutional Civil Rights and Court Rules rather than upholding them by repeatedly refusing to perform their protected tasks/duties when asked multiple times and all were stripped of any perceived immunities. (See Stripping Doctrine,  Ex Parte Young, 209 U.S. 123 (1908)); and (*Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974))*

89. The Appeals Officers refused to perform their sworn duty to uphold Constitutional Rights above all contrary and violative State laws and pursuant their Oath of Office they vacated their offices of public trust through failure to qualify as Judicial Officers and acted in their personal capacities and not their professional capacities and became trespassers of the law with Flynn and Campbell and were stripped of any perceived immunities for failure to perform the protected Constitutional tasks (duties) and uphold Constitutional Rights above all else.

## JUDICIAL OFFICERS

90. All of the Judicial Defendants knowingly and repeatedly maliciously refused to perform their sworn to protected duties/tasks pursuant their Oath that has directly resulted in years of personal and professional damages to Montalbano and her publishing business, Ari Stone Art LLC. Montalbano incorporates by reference the following claims damages against the

Judicial Defendants, directly and via Civil Conspiracy, that are directly resultant from their years of refusal to perform their sworn Constitutional duties:

**a.** RICO, Fraud, Violation Colorado Consumer Protection Act, theft of Trade Secrets; Copyright violations; Defamation; Abuse of Process; Malicious Prosecutions; and Unjust Enrichment.

91. Gomez, Grove, Terry and Campbell, knowingly worked together with Flynn for years to take away Constitutional Rights rather than uphold and support them pursuant their binding Oath of Office to the State and National Constitutions all during cases 18CV50 and 20CV1775, as they all were repeatedly notified of they and each others' Constitutional violations and asked to correct them and they all repeatedly refused. **((illustrative notices) EXHIBIT 11  Notice Disqualification Judge  Flynn; #222-13 Notice disqualification Appeals Officers)** Montalbano incorporates by reference the Civil Conspiracy Claim against all the Judicial Defendants for knowingly working together to repeatedly violate Montalbano's inalienable Constitutional Civil Rights and prejudicially rule in favor of a famous male public figure author artist (Goode) with licensed peers (Yanaros and Lorie), to the detriment a poor female author artist pro se litigant  (Montalbano) completely devoid of due process of law.

92. Flynn, Gomez, Grove, Terry and Campbell's repeat refusal to perform their sworn Constitutional duties caused years of personal, emotional, financial, and professional damages to Montalbano and her publishing business Ari Stone Art LLC. Montalbano incorporates by reference the Negligent Infliction of Emotional Distress Claim against all the Judicial Defendants.

## DAMAGES

**93.** Montalbano believes she is entitled to injunctive relief and to recover damages for the foregoing act of "Civil Act for Deprivation of Rights" to include:

### Injunctive Relief

**a.** Order and Judgment reversals

(i)     That is be acknowledged on this Court record all orders/judgments written by Brian James Flynn, Matthew Grove, Diana Terry and Christina Gomez are null and void for being in direct opposition to Constitutional Law. (Id. *Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828).*; Id. McLean v. Jephson, 123 N.Y. 142, 25 N.E. 409.; Id. *Pennover v. Neff, 95 U.S. 714)*

(ii)    All judgments and orders in case 18CV50 and 20CA1775 be reversed/struck and/or set aside for fraud on the Mesa District Civil Court and Colorado Court of Appeals by the Judicial Officers.

(iii)   Brian James Flynn's Orders and Judgments as entered devoid of due process of law in case 18CV50 are to be reversed/struck, to notably include the color of law judgment of $116,600 entered completely devoid of due process of law.

(iv)    All Colorado Court of Appeal dismissal 'with prejudice' orders and/or judgments entered by Gomez, Grove, and Terry devoid of due process of law and in direct conflict with Constitutional Law are to be reversed/struck and set aside for fraud on the Court.

### Compensatory Relief

**b.** Compensatory damages to include:

    (i)    Special damages for the $116,600 fraudulent judgment and cost of all court filing fees, paper mailing expenses, and all other related costs and expenses for case 18CV50 and its appealed case 2020CA1775 be awarded to Montalbano.

    (ii)    General damages such as cost for time for self-representation and related expenses for years of Montalbano's personal life and time being spent in legal research (April 2018 to current) and study specifically due to having to address these ongoing willful and malicious civil rights (due process) violations and deceptions performed by Flynn, Grove, Gomez, Terry, and Campbell; and damages incurred for the related loss of time, business growth, and investments for the same.

    (iii.)    Pecuniary damages

    (iv.)    Attorney/legal fees, to include those incurred by Montalbano for enduring malicious prosecution cases outside of case 18CV50. (See Abuse of Process and Malicious Prosecution Claim for starting Damages)

    (v.)    Punitive damages, for willful and malicious civil rights violations and any other relief the Court deems just.

**c. Trial By Jury**

    **a.**  Montalbano incorporates by reference Section VIII, "Demand, for Trial by Jury" for the Civil Rights Violations; and claims her inalienable Constitutional Right to Trial by Jury in this Civil Case pursuant Colorado Constitution, Bill of Rights, Section 23.