EXHIBIT CZ
TO OBJECTION to Motion to Transfer Interest

COMBINED COURT BY LITIGANT

ORIGINAL FILED IN
JUL 22 2022

### 9. Claim Ten: Defamation

Ms. Montalbano's Claim Ten, defamation, is asserted against Mr. Goode, GES, Ms. Yanaros, LWLF, and Ms. Lorie. See [#217] at 170. Ms. Montalbano here cites to Colo. Rev. Stat. § 13-80-103 as the basis for this claim, but that statute simply relates to statutes of limitations for a variety of causes of action under Colorado. No party has argued that the defamation claim is barred by the statute of limitations, and therefore the Court need not further address Colo. Rev. Stat. § 13–80–103.

"The elements of a cause of action for defamation (slander and libel) are: (1) a defamatory statement concerning another; (2) published to a third party; (3) with fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special damages or the existence of special damages to the plaintiff caused by the publication." Walters v. Linhof, 559 F. Supp. 1231, 1234 (D. Colo. 1983). Regarding the last element, "actionability of the statement irrespective of special damages" refers to defamation per se, which means that the "libelous statement must be (1) on its face and without extrinsic proof, unmistakably recognized as injurious (defamatory meaning) and (2) specifically directed at the plaintiff (identity)." Gordon v. Boyles, 99 P.3d 75, 78-79 (Colo. App. 2004). The "traditional categories" of defamation per se are "imputation of (1) a criminal offense; (2) a loathsome disease; (3) a matter incompatible with the individual's business, trade, profession, or office; or (4) serious sexual misconduct." Id. at 79. On the other hand, "the existence of special damages to the plaintiff caused by the publication" is required for defamation per quod, which occurs where "the defamatory meaning may be understood only in reference to extrinsic facts known by the recipient." Id. at 78.

Here, Ms. Montalbano has made no allegations in connection with this claim directly with respect to GES, LWLF, or Ms. Lorie. *See* [#217] at 170-79. In part, Ms. Montalbano otherwise alleges:

> [Mr.] Goode, [Mr.] Wilcock, [Ms.] Yanaros and their associates (believed to be working for The Enterprise), have defamed [Ms.] Montalbano publicly and privately to third parties, intentionally, negligently, or with reckless disregard of the truth and have made knowingly false public and private statements about [Ms.] Montalbano accusing her of criminal acts (stalking, murder, rape, pedophilia), sexual misconduct (as someone having an extramarital affair with [Mr.] Goode), and as someone with a mental disease (crazy, insane, delusional), to others in the same or similar trades and professions of predictive dream research, via libel and slander notably overtly since February 2, 2018 and have regularly publicly escalated their hate speech against Montalbano through to current. . . . [Mr.] Goode further defamed [Ms.] Montalbano in the Reddit post in her trade of dream research as being 'delusional' for having legitimate 'prophetic' dreams that showed [Ms.] Montalbano knew (via many tangible dream journal records) what [Ms.] Goode and his attorney, Wilde Yanaros, were up to before they did the acts in waking states. . . . It is self-evident [Ms.] Goode, [Ms.] Yanaros, and The Enterprise will continue to escalate their defamation, hate speech, and harassment activities against [Ms.] Montalbano unless the Court orders it stopped.

*See* [#217] at 170, 174, 177.

Ms. Montalbano has not alleged that GES, LWLF, or Ms. Lorie made any defamatory statements or to whom such statements may have been made. Thus, Ms. Montalbano's claim here fails on the first and second elements under Rule 12(b)(6) with respect to GES, LWLF, and Ms. Lorie. Similarly, although Ms. Yanaros is mentioned in connection with this claim, all statements concerning her are conclusory, with no mention of what specific defamatory statements she may have made or when she may have made them. Thus, this claim fails as to Ms. Yanaros as well.

Mr. Goode's only arguments regarding this claim stem from *Rooker–Feldman* and collateral estoppel. *Motion* [#227] at 6-8. As discussed above, however, he has not

provided enough information to determine that either of these legal doctrines apply here. Looking to the merits, the Court finds that Ms. Montalbano has adequately alleged this claim. The alleged defamatory statements include, by way of example only, that Ms. Montalbano is a stalker and a member of the "Dark Alliance." Ms. Montalbano's allegations state that Ms. Goode purposely published these statements via social media to the public. Stalking is a criminal offense in Colorado, *see* Colo. Rev. Stat. § 18–3–602, which therefore requires no allegation of special damages. *See Gordon*, 99 P.3d at 78-79. Being called a member of the "Dark Alliance," which Ms. Montalbano alleges means that she is associated with murder, rape, and/or pedophilia, requires extrinsic facts to understand, and therefore the Court finds that this type of statement requires allegations of special damages. *See id.* at 79. "[S]pecial damages include economic and non-economic losses such as lost earnings, mental anguish, impairment of quality of life, etc.," i.e., "foreseeable damages within the reasonable contemplation of the parties" stemming from the conduct at issue. *Giampapa v. Am. Family Mut. Ins. Co.*, 64 P.3d 230, 237 n.3 (Colo. 2003). Here, Ms. Montalbano has provided allegations of harm to her reputation, personal humiliation, mental suffering, loss of income, and loss of earning capacity. *See* [#217] at 178. Thus, the Court finds that, for purposes of a Rule 12(b)(6) motion to dismiss, she has adequately alleged a defamation claim with respect to Mr. Goode.

Because Ms. Montalbano has already amended her pleadings, *see Minute Order* [#216], Ms. Montalbano has given the Court no reason to believe that any further amendment would raise substantial issues as to GES, Ms. Yanaros, LWLF, or Ms. Lorie. Accordingly, the Court **recommends** that the Motions [#221, #227, #233] be **granted** to the extent that Ms. Montalbano's Claim Ten regarding defamation be **dismissed with**

**prejudice** with respect to GES, Ms. Yanaros, LWLF, and Ms. Lorie. *See Brereton*, 434 F.3d at 1219. The Court further **recommends** that Mr. Goode's Motion [#227] be **denied** to the extent Mr. Goode seeks dismissal of Claim Ten against him.

### 10. Claim Twelve: Civil Conspiracy

Ms. Montalbano's Claim Twelve, civil conspiracy, is asserted under 42 U.S.C. § 1985 as well as Colorado common law. *See* [#217] at 186. The claim is asserted against Mr. Goode, GES, Ms. Yanaros, LWLF, and Ms. Lorie. *See id.*

The elements of a 42 U.S.C. § 1985(3) conspiracy claim are: (1) a civil conspiracy; (2) to deprive the plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of conspiracy; and (4) an injury or deprivation resulting therefrom. *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). To meet the first element of a § 1985(3) claim and state a claim for civil conspiracy, Ms. Montalbano "must allege specific facts showing agreement and concerted action among the defendants." *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1988) (emphasis added). It is not enough for her to merely state that Defendants engaged in a conspiracy. *See id.* ("Conclusory allegations of conspiracy are insufficient.").

To state a claim for common law civil conspiracy, Ms. Montalbano must allege "specific facts that fulfill the requirements of the elements of a state law claim for civil conspiracy." *Sieverding v. Colo. Bar Ass'n*, No. Civ. A.02-M-1950 (OES), 2003 WL 22400218, at *18 (D. Colo. Oct. 14, 2003). Under Colorado law, a plaintiff must allege the existence of: (1) two or more persons or corporations, (2) an object to be accomplished, (3) an agreement or meeting of the minds on the object or course of action, (4) at least one unlawful overt act, and (5) proximately caused damages. *Schneider v.*

- 42 -