# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No:**

**Thomas D. Seaman, Individually**
**James Corey Goode, Individually**

**Plaintiffs,**

**v.**

**Alyssa Chrystie Montalbano, Individually**

**Defendant**

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
1:55 pm, Sep 02, 2022
**JEFFREY P. COLWELL, CLERK**

## DEFENDANT ALYSSA MONTALBANO
## EMERGENCY MOTION PROTECTIVE ORDER STAY

Comes now Defendant, Alyssa Chrystie Montalbano, and moves the Court's faithfully performing Judicial Officers to Grant this Motion for Protective Order to Stay this instant case for the following:

### I.   Relevant Procedural Background

1. Montalbano incorporates by Reference the Notice of Removal, and it is incorporated herein.

2. Within the Notice of Removal the following key facts are especially relevant:

   a. Mr. Brian James Flynn is a defendant in case 1:20-CV-00742-DDD-KLM to Montalbano's Deprivation of Civil Rights claims for lying on the Mesa Court Record January 29, 2020 that no Defamation was shown to him in case 18CV50, and then prejudicially and unlawfully dismissing case 18CV50 in favor of white male public figure, James Corey Goode, and unlawfully entering Judgment ($116,600), exactly opposite Constitutional Law and all evidence filed in case 18CV50.[#1, No. 5 and 10]

   b. Plaintiff Mr. Seaman entered case 18CV50 July 8, 2022 [#1-5, (same as #1-12)] seeking to collect on Mr. Flynn's fraud judgment ($116,600) entered August 5, 2020. [#1, No. 15]

   c. Mr. Flynn prejudicially immediately granted male Mr. Seaman's Motion/Complaint, July 20, 2022, to amended judgment and enter discovery. [#1-7; #1, No. 16]

   d. Montalbano objected to the prejudice July 20, 2022 order. [#1, No. 18]

   e. Mr. Seaman served interrogatories, July 27, 2022 (See Interrogatories document filed September 2, 2022 with Response to Administrative Order) [#1, No. 19]

   f. August 5, 2022, Mr. Flynn vacated the January 20, 2022 order that prior granted discovery Rights to Mr. Seaman and his Motion. [#1, No. 23]

## II.     ARGUMENT FOR EMERGENCY STAY

A. The Court has discretion to stay discovery while a dispositive motion is pending, and a stay may be appropriate if an entire action can be resolved. *Banks v. Colo. Dep't of Corr.*, No. 13-cv-02599-KLM, 2014 U.S. Dist. LEXIS 164396, at *1-2 (D. Colo. Nov. 24, 2014) (granting indefinite stay pending resolution of a motion to dismiss). The idea behind discovery is that if each side is aware of evidence the other side has, that will lead to more efficient disposition of matters and will streamline how trial proceeds as discovery will reveal the root issues in dispute.

1. Montalbano has filed a pending Motion to Dismiss Mr. Seaman and Mr. Goode's judgment claims for being filed in the wrong court (Mesa District Civil Court) and wrong case (18CV50); and Montalbano's pending State Court Motion To Dismiss (MTD) may completely dispose of Mr. Seaman and Mr. Goode's claims.

2. The correct case for Mr. Seaman's claim is case 1:20-CV-00742-DDD-KLM and whereby claims are already pending regarding the fraud $116,600 judgment amount, against Mr. James Corey Goode, Mr. Brian James Flynn, and et. al., involving Deprivation Civil Rights, notably violation of Defamation Rights (Colo. Const., Bill of Rights, Sec. 10) and Due Process of Law Rights. [#1-2; #1-4; #1-9]

3. Mr. Seaman's claim [#1-5/#1-12] is wholly dependent on the outcome of case 1:20-CV-00742-DDD-KLM and cannot proceed separately in this case.

4. Montalbano has Motioned in Denver Federal Court Case 1:20-CV-00742-DDD-KLM for Mr. Seaman to be joined thereto. (See State Court Exhibit DB – Pending Federal Court Motion Joinder)

5. Montalbano has Emergency motioned in Denver Federal Court for case 18CV50; now this instant case; to be consolidated with case 1:20-CV-00742-DDD-KLM. (See State Court Exhibit DC – Pending Federal Court Motion Consolidate Cases)

### 5 STRING CHEESE INCIDENT FACTORS IN FAVOR OF STAY

B.  The following factors are relevant to deciding a motion to stay discovery: (1) Plaintiff's interest in proceeding expeditiously with discovery and the potential prejudice to Plaintiffs of a delay; (2) the burden on Defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interest of non-parties in staying or proceeding with discovery; and (5) the public interest in staying or proceeding with discovery. *String Cheese Incident, Ltd. Liab. Co. v. Stylus Shows, Inc.,* No. 05-cv-01934-LTB-PAC, 2006 U.S. Dist. LEXIS 97388, at *4-5 (D. Colo. Mar. 30, 2006); Aurora Bank, 2013 U.S. Dist. LEXIS 86067, at *4 (describing the String Cheese Incident factors with more specificity)).

The five *String Cheese Incident* factors all weigh in favor of Staying this case and Discovery:

1. While Mr. Seaman has shown diligence in serving Interrogatory requests [#1-11; #8-1] after his Complaint/Motion/Discovery request [#1-5, 1-12] was first granted [#1-7] and then subsequently vacated (See State Court August 5, 2022 Order), Mr. Seaman's claim to the $116,600 is wholly dependent on the outcome of case 1:20-CV-00742-DDD-KLM,

as the fraud judgment amount of 116,600 is in lawful dispute on grounds of Deprivation Civil Rights by Officer Flynn; and Mr. Seaman's related claim is already pending to be joined and consolidated with case 1:20-CV-00742-DDD-KLM. (See State Court Exhibits DB and DC) Thus the first factor weighs in favor of the stay.

2. Unlike Plaintiffs, there would be significant prejudice to and undue burden on Defendant Montalbano if she was forced to begin discovery at this point. Plaintiffs are currently asserting they have a right to judgment monies, $116,600, awarded by Officer Flynn's in his Kangaroo Court ran inside Mesa District Civil Court, case 18CV50. Case 18CV50 judgment amount, is likely to be vacated in case 1:20-CV-00742-DDD-KLM for fraud, or conversely Mr. Goode and Mr. Flynn may be ordered to pay Montalbano the judgment monies for the same.

Further still, Mr. Goode has a proven record of stalking his victims **(See attached Exhibit, Darling International v. Goode – Complaint and Permanent Injunction).** Mr. Goode and his associates have regularly stalked Ms. Montalbano (since 2017) and have used her private information to publicly and privately harass, embarrass, and alarm her (2018 to current); and for which Mr. Flynn prejudicially ignored all these facts in case 18CV50 (2018-2020) and never did anything to stop Mr. Goode and his associates' harassment acts and instead condoned and supported Mr. Goode's criminal conduct by knowingly and repeatedly failing to stop it, pursuant his Oath of Office. Any answering of any Interrogatories/Discovery requests [#8-1] further devoid of Due Process of Law would not only place Montalbano at physical risk of assault, but also at risk of identity theft and harassment at work; and whereby Mr. Goode and his associates have a pattern

of cyber stalking and harassing Ms. Montalbano [#1-4 Defamation], as well as harassing Mr. Goode's business competitors via abuse of the Courts (SLAPP lawsuits), social media and more.  This harassment pattern has been outlined in detail in Montalbano's full pending complaint in case 1:20-CV-00742-DDD-KLM and is also seen in the amended RICO claim. [#1-3, No. 16-33 (Extortion)] Thus the Second factor weighs in favor of the stay to protect Montalbano's Due Process Rights and her personal physical safety from Mr. Goode and his associates.

3. It is in the Courts interest to stay discovery this instant case pending the resolution of case 1:20-CV-00742-DDD-KLM or consolidation this instant case thereto.  Proceeding with discovery on Mr. Seaman's claims that will be consolidated and joined with case 1:20-CV-00742-DDD-KLM and its discovery procedures would be wasteful of the Court's resources. Thus the third factor weighs in favor of the stay.

4. Proceeding with discovery now would also further burden current non-parties (to notably include Mr. Flynn) as he would have to be summoned herein for similar claims already pending against him in case 1:20-CV-00742-DDD-KLM, for discovery requests to be made of Mr. Flynn regarding his fraud orders. Thus the fourth factor weighs in favor of the stay.

5. Finally, the public's only interest in this case is a general interest in its efficient and just resolution. *Banks,* 2014 U.S. Dist. LEXIS 164396, at *5-6; *Malcolm,* 2018 U.S. Dist. LEXIS 239935, at *5. "Avoiding wasteful efforts by the Court and litigants serves this interest.". Thus the fifth and final factor also weighs in favor of a stay.

### III.   CONCLUSION

**WHEREFORE,** for all the aforementioned reasons, Ms. Montalbano respectfully requests that this Motion be granted and that the Court enter a stay of discovery and all proceedings pending resolution of case 1:20-CV-00742-DDD-KLM or consolidation of cases, together with any such other and further relief the Court deems just and proper.

Dated this 2nd day of September 2022

Respectfully Submitted and All

Rights Reserved,

*/s/ Alyssa Chrystie Montalbano*

American Citizen, Defendant

970.250.8365
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on this 2nd day of September 2022 a true copy of the foregoing Response to Administrative Order was filed with the clerk of the Federal Court via emailing the documents to COD_ProSe_Filing@cod.uscourts.gov and paper copies mailed to pro se litigants at:

**Mr. James Corey Goode**
1140 US Highway 287
Suite 400-266
Broomfield, CO 80020
USPS Certified Mail 7021 0950 0001 5240 2996

**Mr. Thomas D. Seaman**
**dba ALPINE JUDGMENT RECOVERY**
PO Box 1002
Ridgway, CO 81432
USPS Certified Mail 7021 0950 0001 5240 1654

/s/ **Alyssa Montalbano**

Alyssa Montalbano, American Citizen