| District Civil Court, Mesa County, Colorado<br><br>Mesa County, Colorado<br>Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502 | ORIGINAL FILED IN<br><br>AUG 2 5 2022<br><br>COMBINED COURT<br>BY LITIGANT<br><br>▲  COURT USE ONLY  ▲ |
|---|---|
| Plaintiff(s)/Petitioner(s): Alyssa Chrystie Montalbano<br>v.<br>Defendant(s)/Respondent(s): James Corey Goode<br><br>----<br><br>Plaintiff(s)/Petitioner(s): Thomas D. Seaman, James Corey Goode<br>v.<br>Defendant(s)/Respondent(s): Alyssa Chrystie Montalbano | |
| Attorney or Party Without Attorney (Name and Address):<br>Alyssa Chrystie Montalbano, American Citizen<br>2536 Rimrock Ave, Suite 400-117<br>Grand Junction, Colorado, 81505 | Case Number: 18CV50 |
| Phone Number: 970.250.8365 E-mail: AriStoneArt@Ymail.com<br>FAX Number:_____ Atty. Reg. #: N/A | Division  10      Courtroom  10 |
| **ALYSSA CHRYSTIE MONTALBANO'S**<br><br>**SECOND MOTION TO RECUSE OFFICER BRIAN JAMES FLYNN**<br><br>**Pursuant Colo.R.Civ.P. 97 and Colorado Code of Judicial Conduct 2.11** | |

Comes now, Plaintiff, American Citizen, and pro se litigant Alyssa Chrystie Montalbano, and moves this Court to recuse Brian James Flynn, Chief Judge Mesa Court, from case 18CV50 pursuant CRCP 97 and Colorado Code of Judicial Conduct Rule 2.11, for the following:

Colorado Code of Judicial Conduct Rule 2.11, Disqualification, to wit:

> " (A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality* might reasonably be questioned, including but not limited to the following circumstances:
>
> (1) The judge has a personal bias or prejudice concerning a party or a party's lawyer…

Upon reasonable inference of a "bent of mind" that will prevent judge from dealing fairly with party seeking recusal, it is incumbent on trial judge to recuse himself. Wright v. District Court, 731 P.2d 661 (Colo. 1987).
https://law.justia.com/cases/colorado/supreme-court/1987/86sa364-0.html

## I.   RELEVANT PROCEDURAL BACKGROUND

1. This instant action was opened by pro se litigant, Alyssa Chrystie Montalbano, June 25, 2018, seeking injunctive relief from public figure Defendant Mr. Goode's public Defamation acts and seeking declaratory relief for Trade Secret Intellectual Property mistakenly delivered to Mr. Goode largely during 2017 by email, due to belief in his public alien and dream teaching frauds.

2. All during case 18CV50 Montalbano's Constitutional Rights were violated by Chief Judge Brian James Flynn (Officer assigned this case) via color of office and color of law in his kangaroo court ran inside Mesa District Civil Court, corrupting the judicial machinery.

3. Ms. Montalbano filed a pending Deprivation Civil Rights claim in Denver Federal Court, December 22, 2020 against Officer Brian James Flynn for Deprivation Montalbano's Civil Rights all during case 18CV50. **(Ex. CW, filed July 22, 2022)**

4. Since entry of alleged Judgement by Mr. Flynn (August 5, 2020), at some point, Judge Timbreza was assigned to Division 10 and thereby case 18CV50 as the presiding officer.

5. On June 9, 2022, Judge Timbreza was placed on paid suspension by the Colorado Commission on Judicial Discipline, and thereby other Judicial Officers to include Brian James Flynn may enter orders in case 18CV50 during Judge Timbreza's absence.

6. Judge Brian James Flynn has been entering orders in case 18CV50 since Judge Timbreza's suspension.

## II.   ARGUMENTS FOR RECUSAL

1. Brian James Flynn, is a third-party Defendant to Montalbano's counterclaims pending in Denver Federal Court case 1:20-CV-00742-DDD-KLM **(See Notice of Related cases filed July 20, 2020)** filed December 22, 2020, for Deprivation Civil Rights all during this instant action (18CV50). **(Ex. CW, filed July 22, 2022)**

2. Montalbano incorporates by reference the pending Denver Federal Court, **Deprivation Civil Rights claim; filed as Exhibit CW, July 22, 2022** this Court Record; against Mr. Brian James Flynn, showing the details of his civil rights violations against Ms. Montalbano via this instant action (18CV50):

    a. The Deprivation of Civil Rights claim involves the January 29, 2020 alleged dismissal order and August 5, 2020 alleged final judgment.

    b. The alleged final judgment amount of $116,600 is in lawful dispute in the federal court against Mr. Flynn and et. al..

3. Mr. Flynn, overtly violated the following Constitutional Rights of Montalbano's during case 18CV50 **(Ex. CW):**

    a. Right to trial by Jury for Defamation and civil claims (Colo. Const. Bill of Rights, Sec. 10 and 23)

    b. Right to Due Process of Law (Colo. Const. Bill of Rights, Sec. 25 and 28)

    c. Right to protect property (Intellectual Property) (Colo. Const. Bill of Rights, Sec. 3

    d. Right to fair and impartial treatment (Colo. Const. Bill of Rights, Sec. 6)

    e. Right to protect writings and discoveries (U.S. Const. Art. I, Sec. 8, Cl. 8)

4. Mr. Flynn denied Montalbano her Constitutional Rights on May 14, 2019 and August 5, 2020 and acted in accordance with those denials all during case 18CV50 and knowingly violated Montalbano's Civil Rights.

5. Mr. Flynn prejudicially and repeatedly denied Montalbano her Constitutional Right to trial by Jury for Defamation (Colo. Const., Bill of Rights, Sec. 10) **(Ex. CW at 1-13)** performed against Ms. Montalbano by Mr. Goode. **(Ex. DA)**

6. Magistrate Judge Mix, in Denver Federal Court, recommended Montalbano's Defamation claim **(Ex. DA)** proceed against James Corey Goode in the pending and superseding federal action, 1:20-CV-00742-DDD-KLM. **(Exhibit CZ, filed July 22, 2022)**

7. The defamation claim **(Exhibit DA, filed July 22, 2022)** and its attached defamation exhibits in Denver Federal Court case, 1:20-CV-00742-DDD-KLM, are the same defamation and exhibits shown to Mr. Flynn this instant case, and on January 29, 2020

Mr. Flynn lied no defamation was shown in his alleged dismissal orders **(Exhibit CW at 4-13);** showing his clear bent of mind.

8. Mr. Flynn also prejudicially denied Montalbano her Constitutional Right to protect her writings and Discoveries (Trade Secret Intellectual Property (IP)) and again lied in his alleged dismissal orders (January 29, 2020) that Montalbano's IP didn't exist because it was referred to as 'Dream Visions' and again perjured his Oath of Office by failing to uphold U.S Constitution, Article I, Section 8, Clause 8 (Author Rights) **(Exhibit CW at 13-22)** and again showed clear bent of mind for rich and famous white male author artist, Mr. Goode, over poor local female author artist Ms. Montalbano.

9. Mr. Flynn has not been fair or impartial in case 18CV50 since June 25, 2018 and cannot now be fair or impartial in any matters related Ms. Montalbano or case 18CV50, especially since he is a Defendant to Montalbano's Deprivation Rights claims pending in Denver Federal Court, case 1:20-CV-00742-DDD-KLM.

10. Mr. Flynn was Disqualified for Civil Rights violations on this Court Record August 21, 2020 and may not proceed in this case. **(See Notice of Disqualification of Judge filed August 21, 2020)**

11. Case 18CV50 was timely appealed to have Mr. Flynn's civil rights violations be corrected. The appeals officers unlawfully denied a timely appeal and have also been summoned as defendants for their deprivation of civil rights with Mr. Flynn. **(Exhibit CW at 28-31)**

12. This is Montalbano's second motion to recuse Brian James Flynn from case 18CV50 for violating civil rights, being prejudice, and having a clear bent of mind for rich and famous white author artist males (Mr. Goode).

**WHEREFORE,** for all the facts, reasons, law, case law, and evidence cited herein and incorporated by reference herein, Mr. Flynn must be recused from this instant case pursuant CRCP 97 and Judicial Rules of Conduct 2.11, because he is prejudice, biased, and has a clear bent of mind and because Mr. Flynn is a Defendant to Ms. Montalbano's civil Rights Violation claim pending in the superseding Denver Federal Court case 1:20-CV-00742-DDD-KLM and case 18CV50 must be stayed and/or consolidated with the superseding federal case.

Respectfully Submitted and All Rights Reserved,

*Alyssa Chrystie Montalbano*

Plaintiff and Defendant, Alyssa Chrystie Montalbano, American Citizen

**Declaration of Conferral:** Ms. Montalbano has attempted conferral pursuant (D.C.COLO.LCivR 7.1(a)) and phoned Mr. Thomas D Seaman dba ALPINE JUDGMENT RECOVERY August 22, 2022 and again August 23, 2022 requesting conferral for this motion; Mr. Seaman refused to confer per court rules regarding this motion and got angry and hung up. Montalbano attempted conferral with pro se Defendant, James Corey Goode; and having only an email address for contact of Mr. Goode and having exhausted the use thereof, and Mr. Goode not having provided the courts with proper contact information on his legal filings in accordance with C.R.C.P. Rule 11 and having failed to lawfully enter his out of state attorney Pro Hac Vice (C.R.C.P. Rule 221) or any proper attorney onto this court's record; Montalbano has been unable to reach pro se litigant Mr. Goode for conferral.

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **SECOND MOTION TO RECUSE OFFICER BRIAN JAMES FLYNN CRCP 97** were sent first class by U.S. Mail, postage prepaid, to pro se litigants Mr. James Corey Goode USPS Certified Mail 7019 1640 0001 9358 6813; 1140 US Highway 287, Suite 400-266, Broomfield, CO 80020; and upon pro se litigant Mr. Thomas D. Seaman dba ALPINE JUDGMENT RECOVERY; PO Box 1002, Ridgway, CO, 81432; USPS Certified Mail 7019 1640 0001 9358 6806, this 25th day of August, 2022.

*Alyssa Chrystie Montalbano*
Alyssa Chrystie Montalbano, American Citizen