# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually and,
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH

Defendants.

━━━━

Alyssa Chrystie Montalbano, Individually

Counter-Claimant,

v.

James Corey Goode, individually, and
GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
David Wilcock,
THE WILCOCK SPIRITUAL HEALING AND
EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde,
Elizabeth Lorie,
Brian James Flynn,
William Campbell,
Matthew Grove,
Diana Terry, and
Christina Gomez

Third-Party Defendants.

————

GAIA INC.

Counter-Claimant

v.

James Corey Goode,
GOODE ENTERPRISE SOLUTIONS INC,

Counter-Defendants

————

Jay Weidner

Counter-Claimant

v.

James Corey Goode,
GOODE ENTERPRISE SOLUTIONS INC,

Counter-Defendants

---

## DEFENDANT, COUNTER CLAIMANT, THIRD-PARTY PLAINTIFF ALYSSA MONTALBANO OPPOSED MOTION TO RECUSE PURSUANT 28 USC 455 AND STRIKE RECOMMENDATION [#283]

---

COMES NOW, Defendant, Counterclaimant, Third-Party Plaintiff,

Alyssa Chrystie Montalbano, and requests Magistrate Mix be recused from this

proceeding pursuant 28 USC 455 (b)(1) for the appearance of personal prejudice and bias

and states as follows:

### I.     CONFERRAL

Montalbano has conferred with all parties and/or their counsels in this instant case

regarding this Motion.

All parties are **Opposed** to the motion and relief requested herein.

### II.     RELEVANT PROCEDURAL BACKGROUND

1) This primary RICO case was initiated by Plaintiff's, Goode and GOODE
   ENTERPRISE SOLUTIONS INC ("GES"), March 17, 2020 [#1] and summoned
   Montalbano as a Defendant, May 12, 2020. [#14]

2) Montalbano filed an Answer and Counterclaims December 22, 2020 at Docket 120
   and Exhibits at Docket 121, and requested Plaintiffs', Goode and GES, claims

against Montalbano be dismissed and Montalbano's claims be heard. Montalbano also added multiple third-party defendants.

3) Montalbano and all cross-defendants conferred and stipulated dismissals without prejudice at various times [#126, Mr. Weidner; #144, GAIA INC, Ms. Medvedich, Mr. Rysavy, Mr. Warkins]. All cross-defendants were subsequently terminated without prejudice from Montalbano's counterclaims January 2021 through February 2021. [#130, Weidner; #145, GAIA, Medvedich, Rysavy, Warkins]

4) Montalbano amended her counterclaims twice based on negotiations with opposing parties and the operative Second Amended Counterclaims Complaint ("SACC") was admitted June 18, 2021 at Docket 217 and Exhibits at Docket 121. [#120 Original Counterclaims, #155 First Motion to Amend (FACC), #156 Order referring Motion, #183 Order Granting FACC; #204 Notice filing of SACC, #208 Second Motion to Amend (SACC), #215 Order referring Motion, #216 Order Granting SACC]

5) The following remaining Defendants have filed pending Motions To Dismiss (MTD) Montalbano's SACC [#217]:

   a. Ms. Elizabeth Lorie, third party defendant, filed a MTD June 23, 2021. [#221; #224 Order Referring Motion] Montalbano filed an Objection Response [#225] and Defendant filed a Reply [#243]. Montalbano filed an

Opposed Motion to Surreply [#248, #249 Order referring Motion]. Defendant did not Respond to Motion to Surreply and instead filed a Motion to Strike Surreply [#250] Montalbano filed an Objection Response [#255]. The Motion to Strike was Denied by Magistrate Mix, October 29, 2021 [#261] and Motion to Surreply Granted January 4, 2022 [#270].

b.  Mr. Brian Flynn, Mr. William Campbell, Mr. Matthew Grove, Ms. Diana Terry, and Ms. Christina Gomez; third-party (Judicial) defendants; filed a joint MTD June 25, 2021 [#222]. Montalbano filed an Objection Response [#223 Motion Ext Time, #224 Order Referring Motion, #234 Order Granting Ext Time, #247 Response], Judicial Defendants a Reply. [#253]

c.  Mr. Goode and GES, counter defendants, filed a Renewed MTD, July 2, 2021. [#227] Montalbano filed an Objection Response [#231], Defendants a Reply. [#241]

d.  LIGHT WARRIOR LEGAL FUND, LLC ("LWLF") and Valerie Yanaros (Goode and GES's counsel), third party defendants, filed a joint MTD, July 15, 2021. [#233] Montalbano filed an Objection Response [#235 Order referring MTD,   #237 Motion Ext Time, #238 Order referring Motion, #242 Order Granting Ext Time, #254 Response], Defendants filed a Reply. [#256]

6) On February 14, 2022  Magistrate Mix cited court and service of process errors

regarding Clerk's entry of Default [#219] against third-party Defendants

Mr. David Wilcock and WILCOCK FOUNDATION and Recommended  the

defaults be stricken.  The Recommendation ("Strike Recommendation") [#274]

was adopted March 1, 2022 [#288] and defaults at Docket 219 were stricken.

7) On February 17, 2022 Montalbano filed a 'MOTION FOR EXTENSION OF TIME TO

SERVE' Mr. Wilcock and WILCOCK FOUNDATION [#275], along with a new

summons request. [#276]. The Motion for extension of time was Granted

April 8, 2022 and extension of time to serve granted till May 9, 2022 [#293].

8)  On February 28, 2022 Magistrate Mix filed a Recommendation ("Dismissal

Recommendation") [#283] regarding Montalbano's SACC [#217] and largely

recommended all the pending Motions to Dismiss the SACC be granted, with the

exception of Montalbano's Defamation claim against Mr. Goode recommended to

proceed.

9)  On March 3, 2022, Magistrate Mix Denied  [#286] Montalbano's

December 19, 2021 Motion to Lift Stay [#262]  on grounds of her Dismissal

Recommendation [#283] expected to be adopted and dismissing most all

Montalbano's claims [#217].

10)  Montalbano filed an Objection to the Dismissal Recommendation,

March 23, 2022 [#290] citing prejudice against pro se litigant Montalbano who is

legally poor and being biased for licensed peers and rich and famous opposing
parties and the Recommendation being contrary Constitutional Law and the
inalienable Rights contained therein clearly reserved to Montalbano, an American
Citizen.

11) April 4, 2022 Montalbano filed a pending Third Motion to Amend the
Counterclaims Complaint. [#292]

12) April 13, 2022, Montalbano filed a Motion to Clarify [#297] the extension of time
Order [#293] regarding which summons to serve upon Wilcock and WILCOCK
FOUNDATION. No timely answer was given. Montalbano phoned the Clerk of
the Court, April 25, 2022, regarding the summons matter and they issued the new
summons for Wilcock and WILCOCK FOUNDATION. [#299]  Magistrate Mix
then filed an Order denying the request for Clarification, April 29, 2022. [#301]

13) On, April 29, 2022, Magistrate Mix also denied [#300] Montalbano's
'UNOPPOSED MOTION FOR COURT TO ASSIGN COUNSEL'.
[#278, filed February 22, 2022].

14) On April 29, 2022 Magistrate Mix also denied [#302] Montalbano's Motion for
Judicial Notice, filed April 12, 2022 [#295],  that cited important and key
Constitutional Law that are very relevant to the case and claims against her
licensed peers.

### III.    ARGUMENTS FOR RECUSAL

28 USC 455 (a) and (b)(1) states as follows:

"(a) **An**y justice, judge, or **magistrate judge** of the United States **shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.**

(b) **He shall also disqualify himself in the following circumstances**:

(1)**Where he has a personal bias or prejudice concerning a party**, or personal knowledge of disputed evidentiary facts concerning the proceeding"

Montalbano incorporates by reference "THIRD PARTY PLAINTIFF, COUNTERCLAIMANT ALYSSA MONTALBANO OBJECTION TO MAGISTRATE RECOMMENDATION [#283]" at Docket 290, as if set forth fully herein and is set forth fully herein.

Montalbano respectfully requests that Magistrate Judge Kristen L. Mix disqualify herself (recuse) from the proceeding for the appearance of prejudice and bias as outlined in detail in Montalbano's Objection [#290] to her Recommendation [#283]; with the following key points cited within the Objection showing the appearance of personal bias and prejudice whereby Magistrate Mix's impartiality is reasonably in question:

1. The recommendation recommends violating the following inalienable Constitutional Rights[1] reserved to Montalbano in both the State and National Constitutions.

   a. Recommends violating Montalbano's Right to protect her Trade Secret Intellectual Property and Federal and Common Law Copyrighted Intellectual Property, which are inalienable Rights reserved to authors in the **Constitution of the United States of America, Article 1, Section 8, Clause 8**. **[#295-5]**

      "To promote the Progress of Science and useful Arts, **by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries"** (emphasis added)

      [See Montalbano Objection, Docket 290, at Section XI Trade Secrets (claim 7), and Section XII Copyrights (claim 9)] This same inalienable Right was first violated by her licensed peer 'Judge' Brian James Flynn in case 18CV50 in Mesa District Civil Court, whereby Mr. Flynn lied in his dismissal orders [#222-6] that Montalbano's Intellectual Property didn't exist at all by fraudulently stating it was not tangible or intangible, when legally it is both.

---

[1] The following is a list of examples from Montalbano's Objection [#290] to Magistrate Mix's Dismissal Recommendation [#283] and is illustrative of some violations in support of recusal.

b.  Recommends no correction of mistakes for her Colorado Court of
    Appeals Judicial Officer peers (Mr. Grove, Ms. Gomez, and
    Ms. Terry), who denied appealed case 18CV50 'with prejudice'
    stating it was untimely appealed and performed zero case review, but
    still sought to permanently take away (deny) Montalbano's
    Constitutional Right to have a jury hear the Defamation claim
    [#290 at 7, No. 5] (Colorado State Constitution, Article II,
    Section 10), that should have been heard and stopped in case
    18CV50 as early as June of 2018 (Injunctive Relief) whereby instead
    Flynn dragged out the case for over a year and a half basically doing
    absolutely nothing for months on end, then finally lying in his
    dismissal orders that no defamation was shown to simply get rid of
    the case in favor of his licensed peer (Ms. Yanaros) and the rich and
    famous public figure Defendant (Mr. Goode).  [#290 at 6-9]

c.  Mr. William Campbell of the Colorado Judicial Commission refused
    to remove (recuse) Flynn from case 18CV50, January 2019 thru
    August 2020 pursuant his sworn duty (U.S. Constitution,
    Article VI, Section 3(d)-(e)). Magistrate Mix supports his
    Constitutional duty failures (and Flynn's) that directly resulted in
    five (5) unnecessary related lawsuits/cases and years of repeat
    threats of prosecutions against Montalbano. In support of letting her

licensed peer Campbell off the hook for duty failures, Magistrate Mix then cites an irrelevant case involving Campbell [#283 at 16-17] and falsely states this instant case is "identical" to the other case he was prior summoned into and dismissed from, that sounds like it had no other prosecutions or threats of prosecution occurring, when this instant case clearly has well over a dozen threats of prosecution involved when also including non-parties (witnesses) for the case. [#290 at 9-14, Section III – Standing Arguments]

2. The Dismissal Recommendation also (re)cites faulty case law and other faulty arguments by her licensed peers; for dismissal of Montalbano's claims; that are directly contrary the State and National Constitutions and thereby in violation of Magistrate Mix's own Oath of Office to support the State and National Constitutions as the Supreme Law of the Land. [See #290 at 12-13, regarding Magistrate Mix re-citing her peers faulty case law stating Courts are for licensed people only, in direct conflict with Colorado Constitutional Law, Bill of Rights, Section 6; stating Courts of Justice are open to every person]

3. In the Dismissal Recommendation Magistrate Mix ignores violations of due process of law and lying on and off Court records performed by her licensed peers (Mr. Flynn, Ms. Yanaros, and Ms. Lorie) and famous people (Mr. Goode and Mr. Wilcock) [#290 at Section II, Judicial Immunity

Arguments; Section VIII Fraudulent Misrepresentation (claim 2);

Section IX Violation CCPA (claim 3); Section XIV Civil Conspiracy

(claim 12); Section XV Deprivation Civil Rights (claim 13);

Section XVI Abuse of Process (claim 14); and Section XVII Malicious

Prosecutions (claim 15)]; and recommends her licensed counsel peers

(Yanaros and Lorie) write sanction papers against Montalbano

[#283 at 57-60], for exercising her Constitutional Rights to protect her life,

liberty, property (IP), and Right to due process of law seen through

Montalbano lawfully serving documents and legal papers for response since

April 2018 upon various Defendants and/or their 'counsels' and seeking the

subsequent proper legal protection of Montalbano's inalienable Rights and

property (Intellectual Property) via the Courts. [ See #121-1 Attempted

service of "Cease and Desist Harassment of Potential Witness" notice upon

Ms. Lorie at the fake law firm address she provided a witness

(Ms. Ferrante, [#217 SACC at ¶262, ¶677]) against Mr. Goode for legal

communication;  and see #295-1 PLAC Certificates of Service]

4. Magistrate Mix did not liberally construe the counterclaims complaint

[#217]. Notably seen in how she addressed the Abuse of Process and

Malicious Prosecution claims to let her licensed peers (Yanaros and Lorie)

off the hook for lying on and off Court records and for repeatedly abusing

the Court systems (with Mr. Goode) to promote he and The Enterprise's

public fake criminal Dark Alliance and fake criminal stalking narratives.

[#290 at 43-47,Sections XVI - XVII]

5.  Magistrate Mix prejudicially recommends Montalbano not be permitted to
    amend the complaint [#217], when many of her dismissal recommendations
    are based on unwritten rules [#290 at 15, Section V. Criminal Statutes; and
    at 22, Section VII. RICO (claim 1)] complaint formatting errors
    [#290 at Section XVI Abuse of Process (Claim 14), typo error], or her own
    personal prejudice against how Montalbano organized the allegations
    therein, as she willfully ignores the general allegations and incorporation by
    reference allegations within each claim that meet the claim requirements.
    [#290 at 23 (Fraud Claim 2); at 27 (Violation CCPA Claim 3); at 38
    (Defamation Claim 10 against LWLF); and at 46 (Malicious Prosecution
    Claim 15)]

6.  In other instances Magistrate Mix made mistakes, or willfully lied in her
    Recommendation. This is seen regarding Montalbano's Copyright claim,
    whereby she falsely states Montalbano did not file a common law copyright
    claim when Montalbano did. See Copyright (claim 9) titled "Copyright
    Infringement Common Law…" [#217 (SACC) at 150] and common law
    copyright claim citations in the SACC at 37, ¶22 e. (general allegations);
    and at 150, ¶¶481-483;  at 154, ¶503;  at 168, ¶531 a. (directly in Copyright
    claim and seeking declaratory relief for common law IP). Fuller details are

seen in Montalbano's Objection to Dismissal Recommendation [#290 at 35, Section XII Copyrights (claim 9)] Magistrate Mix has made no effort to correct this very clear mistake on this Court record, which left uncorrected, is clearly malicious as it  recommends violating Montalbano's inalienable Constitutional Right to protect her writings and discoveries.

**(U.S. Constitution, Article I, Section 8, Clause 8 [#295-5])**

Montalbano reasonably believes Magistrate Mix is a fan of Mr. James Corey Goode and his fake alien dream stories [SACC ¶¶24-26; ¶¶47-81] and wants to unlawfully (without due process of law, like Mr. Flynn) give public figure fraud, Mr. Goode, for free and unpaid for approximately 500 short Dream Vision stories (belonging to Montalbano) for he and The Enterprise to continue to create unlawful derivative works from and profiteer off of. [#217 Claim 9 Copyrights]

Montalbano reasonably believes Magistrate Mix is a fan of popular fraud dream psychic Mr. David Wilcock [Id. ¶28; ¶¶82-100] and wants to help him out by giving him continued unrestrained and unpaid for access to actual dreams that are literally predictive. (Montalbano's Dream Vision IP records contained in hundreds of PDF files delivered to his very close friend and business associate, Mr. Goode, by email notably during 2017. [See Plaintiff Goode's SAC, #111 at ¶21, Goode stating he is very close friends with Wilcock]). Also see example of prior Court filed Dream Vision

regarding Montalbano foreseeing covid vaccine controversies with specific related details before occurred in waking states  [#231 at 11-15, and #231-2[2]]; and see Certified PLAC records for various examples occurred during 2017 [#295-1].  Wilcock has no accurate predictive dreams of his own, he's only famous for claiming he does. Mr. Wilcock cannot be permitted to have continued unrestrained access to Montalbano's highly detailed and very accurate dream journal records of literal coming waking state people, situations, and events.  [See SACC Trade Secret claim 7; and Montalbano's Objection to Dismissal Recommendation [#290] at p31-35, Section XI. Trade Secrets (claim 7)]

Mr. Goode, Mr. Wilcock, and The Enterprise, all cannot be given further unrestrained, unpaid for, and unlawful use of Montalbano's extremely rare and valuable Intellectual Property Dream Vision journal records. These Intellectual Property records must legally be declared Montalbano's to put a stop to years of The Enterprise's abuses and they all must compensate Montalbano for the specified unlawful uses performed since 2017 as cited in the certified and unrebutted PLAC presumptive contracts [#295-1] along with compensating Montalbano for IP uses in their public scams occurred since the start of Case 18CV50 directly resulting from Mr. Flynn and Mr. Campbell failing for years to faithfully perform their sworn Judicial duties.

---

[2] Montalbano makes no statements regarding the validity of any Covid vaccine news article filed herein, they are simply to show the similar content and facts that matched Montalbano's prior written and Court filed Intellectual Property Dream Vision record, that tangibly support Montalbano's unusual Trade Secret IP records claim.

(See Wilcock Hover Cars scam (September 21, 2021) and Montalbano
Dream Vision (dated September 26, 2016) talking with Wilcock about
hover cars and emailed to Goode September 23, 2017 [#262 at 10])

7.  Magistrate Mix, also makes it clear she will litigate (from the bench) on
behalf of her licensed Judicial Officer peers: Mr. Brian James Flynn,
Mr. William Campbell, Mr. Matthew Grove, Ms. Diana Terry, and
Ms. Christina Gomez, that they have 'sweeping immunities'[#283 at 14-15]
to fail to perform their sworn Constitutional duties and that they never have
to correct any of their sworn duty failures or mistakes, even when these
failures have directly resulted in years of harassment and significant
personal and professional damages to pro se litigant Montalbano (an
American Citizen they are duty bound and sworn to protect), via five (5)
unnecessary related court cases along with multiple phone calls or trips to
various police stations by Montalbano [#290 at Section XIX. NIED
(claim 19)]; all of which could have been prevented had her licensed peers,
any of them, simply performed their sworn duties as early as June 2018.

Conversely, Magistrate Mix eagerly recommends Montalbano's 'mistakes';
based on unwritten Court Rules that Montalbano is not given access to prior
paper filings; be corrected. (See recommendation to strike defaults against
Wilcock and WILCOCK FOUNDATION [#290 at p4, Section I Premature

Recommendation; and at p8, No 6]); or she recommends that Montalbano not be permitted to correct mistakes based on unwritten rules cited after the 'mistake' stating it would be futile [see Dismissal Recommendation [#283] at 18-25 (Criminal Statutes and RICO) recommending dismissal of RICO because the predicate (criminal) acts were placed in separate claims instead of directly within the civil RICO claim they are encompassed under, and See Montalbano's Objection [#290] at 3, No. 3; and at 15, Section V. Criminal Statutes; and at 25, Section VII. RICO (claim 1)]. This is an unequal application of the law; showing favoritism for licensed peers and famous litigants, over a pro se litigant not being given equal access to all Court Rules prior to proceedings.

Montalbano reasonably believes Magistrate Mix is friends with the Judicial Officer defendants outside the Court room and cannot separate her favoritism/bias for them from hard facts in the case against them, as she is 'quick' to recommend due process fixes that damage Montalbano, but when it comes to her licensed Judicial Officer peers and licensed counsel peers' mistakes, she ignores them and recommends continued violations of Constitutional Rights and Laws (claiming 'immunities') in efforts to unlawfully shield her peers from having to correct their due process mistakes as it would cause damages to them. Her licensed peers must equitably be held accountable for their mistakes too and must also correct

them (i.e. set aside false judgments/orders), this is due process of law. Without due process of law, no judgments can be entered this case without also being null and void (like Brian James Flynn's in case 18CV50).

8. On April 29, 2022 [#301] Magistrate Mix showed further prejudice against Montalbano in denying Montalbano's Motion for Clarification [#297, filed April 13, 2022] of her Order at Docket 293 regarding which summons to serve Wilcock and WILCOCK FOUNDATION. Prejudicially, stating it would be giving 'legal advice' to inform Montalbano of the Court's unwritten rules of procedure, and whereby she has already shown she will use unwritten (service) rules against Montalbano. She also incorrectly states Montalbano can contact the Federal Pro Se clinic for free legal assistance. This is false. This Court was already informed this was no longer an option, as the Federal pro se clinic informed Montalbano they had a conflict of interest after the Counterclaims were filed (December 2020) and refused to help any further with due process of law. Montalbano respected this and cannot force them to help.

9. On April 29, 2022, Magistrate Mix Denied [#300] Montalbano's Motion requesting Counsel be appointed [#278, filed February 22, 2022], again stating Montalbano can contact the pro se clinic. This is a clear lack of due diligence in reading the Motion itself that clearly stated the Denver Federal Pro Se Clinic declined to help since the December 22, 2020 counterclaims

complaint filing [#120], citing they had a conflict of interest [#278 at 11, No. iv.], prior they had been helpful.

10. On April 29, 2022, Magistrate Mix Denied Montalbano's Motion for Judicial Notice [#295, filed April 12, 2022], when there was no reason to deny the Constitutional Law portion, as those matters are very seriously and factually at issue in this instant case and the Constitutional Law fully supports Montalbano's claims against her licensed peers and fully rebuts her unconstitutional Dismissal Recommendation regarding them and the laws cited in the Judicial Motion have been unlawfully ignored thus far.

11. Magistrate Mix holds an Office of public trust as a Judicial Officer (Magistrate Judge) with an Oath of Office to uphold Constitutional Law. That trust has been broken between her and Montalbano, through her willful failure to uphold ALL of Montalbano's Constitutional Civil Rights pursuant her sworn Oath of Office and bonded duty to do so.

Montalbano respectfully requests that Magistrate Mix self-recuse, or be recused, for giving the appearance of bias for her licensed peers and famous public figure artist author defendants, and for showing the appearance of prejudice against a non-famous, non-rich, pro se litigant author artist, Ms. Montalbano, and whereby an actual bias or prejudice is not required to be proven only the appearance thereof and the appearance

thereof has been shown; and it is requested that her Dismissal Recommendation [#283] be Stricken from the Record for these same reasons.

IV.   **CONCLUSION**

**WHEREFORE,** Montalbano respectfully requests that Magistrate Mix be recused, pursuant 28 USC 455 (b)(1)  for the appearance of prejudice and bias, and because her complete impartiality in this case and matter are reasonably in question and that her biased Dismissal Recommendation at Docket 283 be stricken for being prejudice and in direct conflict with the State and National Constitutions which are the Supreme Law of the Land.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen

2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Defendant, Counter-Claimant, Third-Party Plaintiff

**Certificate of Compliance**

I certify the foregoing Motion complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I certify that on this 3rd day of May 2022 a copy of the foregoing Motion was filed with the clerk of the court using the CM/ECF system and are lawfully served upon relevant parties counsels and upon appeared Defendants, through the Case Management/Electronic Case Filed (CM/ECF) court filing system. (FRCP Rule 5); and upon Mr. David Wilcock and WILCOCK FOUNDATION by post mail via their appointed agent via USPS Certified Mail #7021 0950 0000 5249 9140.

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen