## RICO
## Count 14

### (14) Abuse of Process
### 18 USC 1589(a)(3), (c) Forced Labor – abuse of process (threatened abuse of law of legal process and psychological, financial, and reputational harm)
### (Goode, GES, Public Servants)

668.  Montalbano incorporates the General Allegations in ¶¶1-281 by reference and in particular ¶¶211-279.

669.  Goode, Yanaros, and Flynn, had ulterior motives in the use of judicial proceedings that were not proper in the regular conduct of a lawsuit and that caused damages to Montalbano and the legal actions lacked reasonable factual basis or cognizable basis in law. These actions were malicious and designed solely for the purpose of inflicting psychological, financial, and reputational harm against Montalbano through their complicit and ongoing repeat abuse of the legal process and threats of abuse of the legal process to exert pressure on Montalbano to make her refrain from seeking legal remedy against Goode.

670.  Montalbano incorporates by reference Claims 12, 13, 15, and 16 as evidence of exerting legal pressure on Montalbano via abuse of process.

### ABUSE OF PROCESS AND MALICIOUS PROSECUTIONS

671.  'Judge' Brian James Flynn participated in abuse of process against Montalbano in case 18CV50, through his willful failure to follow due process of law, faithfully perform his judicial duties, honor his Oath of Office, provide equality of Justice, and uphold Constitutional Civil rights.

672. Goode and Yanaros performed abuse of process through knowingly filing multiple baseless cases against Montalbano with no reasonable basis in fact or law.

## GOODE AND YANAROS FAILED BROOMFIELD STALKING CLAIM
## Mid-June 2018

673. Goode and Wilde, attempted to file their first baseless stalking claim in the Broomfield Combined Courts about June 15, 2018 to extort Montalbano for the presumptive PLAC mailings that Goode failed to rebut or respond to. The case was rejected due to failure to meet the requirements.

## GOODE AND YANAROS FAILED BROOMFIELD STALKING CASE 18C103
## July 2018 – Aug 2018

674. July 17, 2018 Goode and Yanaros filed case 18C103 with the Broomfield Combined Courts and in that case they did the following willful acts that are not proper in the regular conduct of a lawsuit:[86]

A. Goode and Yanaros knew they did not have a plausible stalking claim against Montalbano due to their failed case filing effort one month prior, June 2018.

B. Goode and his Texas based counsel, Yanaros, knowingly failed to serve the summons on Montalbano for case 18C103.

C. Goode and Yanaros knowingly withheld the case until only the day prior the hearing, located 5 hours away, taking away Montalbano's right to being duly noticed and burdened Montalbano severely with little to no time to write a defense and no time to find or hire legal counsel.

---

[86] Filed as Exhibit Register of Actions and Exhibits A and B with 'Motion to Impose Sanctions' December 11, 2018 showing case 18C103 was dismissed in Montalbano's favor.

- **D.** Goode and Yanaros knowingly obtained a fraudulent Temporary Protection Order against Montalbano with fabricated evidence.

- **E.** Goode claimed in his verified complaint that Montalbano called him all the time by telephone when she doesn't have his phone number.

- **F.** Goode perjured himself by checking the verified complaint box he was unaware of his own lifelong stalking protection order with his former employer, Darling International. [87] (Darling v Goode, District Court Dallas County, DC-14-04807)

- **G.** Goode's TRO against Ms. Montalbano was vacated at the July 24, 2018 1st open hearing. Goode was ordered by Magistrate Russell, to retain legitimate Colorado legal counsel (Ms. Yanaros in Texas did not qualify).

- **H.** Goode continued to write and file papers with Yanaros.

- **I.** Goode alleged, July 24, 2018 in court, he'd have his then associate Mr. Roger Richards (business manager) testify against Ms. Montalbano and the TRO order was reinstated. Ms. Montalbano Vi Coactus signed it and the case was continued to August 6, 2018.

- **J.** Montalbano retained legal counsel and appeared at the 2nd hearing, August 6, 2018. The Broomfield TRO was vacated again and the case dismissed in Montalbano's favor, when Mr. Goode, any proper legal counsel on his behalf, or witness on his behalf, failed to appear for the continuance hearing as requested and Goode was instead in the state of Texas, the same state Ms. Yanaros is in.

---

[87] Filed as exhibit Broomfield case 18C103 Mesa Court Record December 11, 2018, and Exhibit C with Amended Grievance Exhibit (against Wilde); and exhibit BP Mesa Court Record February 21, 2020 – Darling v Goode showing perjury.

**MONTALBANO COUNTER CLAIM USDC 1:20-CV-00742-DDD-KLM**                                                           **Page** 181 **of** 204

    **K.**    Goode and Yanaros performed extortion against Montalbano with this case and threatened Montalbano with police and administrative actions for crimes not committed (stalking) and in direct violation of the Colorado Rules of Professional Conduct. (CRCP 3.1 Meritorious Claims and Contentions)

## GOODE AND YANAROS FAILED DENVER FEDERAL COURT REMOVAL – FAKE COMPLAINT Aug 2018-Dec 2018

**675.**   August 13, 2018 Goode and his Texas based counsel, Ms. Yanaros, removed case 18CV50 to the Denver Federal Court, with case number 1:18-cv-02060-RM-GPG and in that case they did the following willful acts that are not proper in the regular conduct of a lawsuit:

    **A.**    Goode and Yanaros 'removed' case 18CV50 to the Denver Federal Court alleging Federal statutes were invoked and did not file the PLAC (77pgs), or the complaint and summons from case 18CV50 (60pgs), and instead they filed a Fake Complaint (7pages) with no statutes or laws cited, on the Denver Federal Court Record.[88]

    **B.**    Goode and Yanaros, failed to confer or inform Montalbano of the removal.

    **C.**    Goode and Yanaros filed a fake register of actions.[89]

    **D.**    Goode and Yanaros, filed non-stamped court filed documents that knowingly mislead the presiding officers (Judge Moore and Magistrate Gallagher) to think the Broomfield stalking case, 18C103, was still pending when it had in fact been dismissed in Ms. Montalbano's favor.

---

[88] Filed as Exhibit H with Amended Grievance Mesa Court Record and related evidence with Motion to Impose Sanctions filed December 11, 2018 – showing the fake complaint filing

[89] Filed as exhibit F Mesa Court Record with Amended Grievance December 11, 2018

  E. Goode and Yanaros, repeatedly failed to serve Montalbano copies of documents they filed on multiple Court records, even though Montalbano repeatedly asked them to and had to phone the courts regularly asking if anything was filed by them.

  F. During this 'removal', Flynn did not close case 18CV50 up until about a week prior case remand, with his very first orders in case 18CV50 on November 27, 2018 (5 months after filing) stating he was closing the case due to removal. Flynn's lack of proper case management caused massive amounts of confusion for Montalbano and the Court Clerks. (August 13, 2018 – November 27, 2018)

676. After Montalbano won her Motion for Remand from Denver Federal Court (December 3, 2018), Flynn proceeded to deny Montalbano her Constitutional Civil Rights the first time in case 18CV50 on May 14, 2019, in his first orders in case 18CV50 regarding the complaint(s) (11 months after filing), and Flynn lost jurisdiction of case 18CV50 for being at war with the Constitution and violating his Oath of Office. [90]

### GOODE'S FLORIDA COUNSEL, LORIE, FAKE LAW FIRM ADDRESS Dec 2019

677. December 2019, Mr. Goode obtained legal assistance from a Florida based attorney, Ms. Elizabeth (Liz) Lorie, who harassed and extorted one of Montalbano's witnesses, Ms. Ferrante, by email, on behalf of Goode and Wilcock, and Lorie knowingly provided a fake law firm address for legal communication. **[#121-1]** [91]

---

[90] *Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401 (1958).* "9. No state legislator or executive or judicial officer can war against the Constitution without violating his solemn oath to support it. P. 358 U. S. 18."
https://supreme.justia.com/cases/federal/us/358/1/

[91] Id at 1. Mesa exhibit CB

678. Flynn was notified of this and ignored that Lorie was extorting a witness and provided a fake law firm address, these acts are not proper in the regular conduct of a lawsuit.

## GOODE AND YANAROS FAILED BROOMFIELD STALKING CASE 20C32 Mar 2020-Jun 2020

679. March 11, 2020 Goode and Yanaros filed stalking case 20C32 against Montalbano in the Broomfield Combined Courts that was administratively closed June 22, 2020 in Montalbano's favor; and in that case they did the following willful acts that are not proper in the regular conduct of a lawsuit:

A. Fabricated more evidence to try again for another baseless stalking claim against Montalbano.

B. Ignored the doctrine of Res Judicata and alleged stalking for the same reasons stated July 17, 2018 and as dismissed in Montalbano favor August 6, 2018.

C. Goode again perjured himself denying his own lifelong stalking protection order.[92]

D. Goode again lied Montalbano phoned him all the time when she still doesn't have his number and it has never been placed on any court record.

E. Goode and his counsel,-Yanaros, filed the same papers on two separate Court Records and cases at the same time (Broomfield Combined Courts and this instant case) (forum shopping) to trying again for knowingly baseless stalking charges against Montalbano.

---

[92] Id at 90. Darling v Goode

    F.      Goode and Yanaros, failed to notice the Broomfield Combined Court of their similar case, evidence, and claims filed in this instant case.

    G.      Performed extortion against Montalbano.

**680.** Flynn was notified of this third baseless stalking case filing effort in case 18CV50 on the Mesa District Civil Court record, and asked again to honorably perform his judicial duties pursuant his Oath of Office. Flynn refused to behave honorably and continued to be a minister his own prejudice against Montalbano. [93]

## THIS INSTANT CASE 1:20-cv-00742- DDD-KLM   Mar 2020

**681.** March 17, 2020 Goode, GES, and Yanaros filed this instant case; and in this case they did the following willful acts that are not proper in the regular conduct of a lawsuit:

    A.      Filed a RICO claim after the statute of limitations.

    B.      Filed a SLAPP (Strategic Lawsuit Against Public Participation) case against Montalbano and other individuals publicly exposing Goode and Wilcock's public frauds and schemes, in efforts to silence them.

    C.      Filed this instant case to further defame Montalbano by making more knowingly false statements against Montalbano on court records as if 'fact.'

    D.      Made 16 baseless claims against Ms. Montalbano.

    E.      Tried again for baseless stalking claims against Montalbano.

---

[93] Id at 65. *386 U.S. 547 PERSON ET AL. v RAY ET AL.*

    **F.**    Filed the same papers on this Court record as in the Broomfield case, 20C32 (March 11, 2020) that was administratively closed in Ms. Montalbano's favor.

    **G.**    Goode and GES are using this baseless case to promote The Enterprises' public frauds and defamation against Montalbano and to significantly grow their cult following while systematically destroying Montalbano's life and business.

    **H.**    Goode, GES, Yanaros, and Lorie, are using this instant case to launder money via Light Warrior Legal Fund, LLC to reinvest in, and promote, their fraudulent public narratives and fake news against Montalbano.

    **I.**    Performed extortion against Montalbano.

**682.** Flynn was also informed about this instant case, and again asked by Montalbano to faithfully perform his duties. Flynn again refused and instead denied Montalbano her Constitutional Civil Rights a second time on the Mesa District Civil Court Record, August 5, 2020 **[#121-24]**

**683.** Denial of Constitutional Civil Rights to a civil litigant by a 'Judge' is not proper in the regular conduct of a lawsuit, is an abuse of process, and is a denial of due process of law.[94]

## 2020CA1775 COLORADO COURT OF APPEALS CASE 18CV50 APPEALED

**684.** October 13, 2020 Montalbano appealed case 18CV50 to the Colorado Court of Appeals, appellate case 2020CA1775, for all of Flynn's civil rights violations to be addressed pursuant due process of law by the Court of Appeals 'Judges'; and in this case the following Public Servants did the following willful acts that are not proper in the regular conduct of a lawsuit:

---

[94] Simmons v. United States, 390 U.S. 377 (1968). "The claim and exercise of a Constitutional right cannot be converted into a crime" . . . "a denial of them would be a denial of due process of law."
https://supreme.justia.com/cases/federal/us/390/377/

A. The three Colorado Court of Appeal 'Judges': Grove, Terry, and Gomez ("three individuals") placed multiple knowing frauds upon the Colorado Court of Appeals and against Montalbano to extort, coerce, and take away Montalbano's civil rights and conceal Flynn's violations.

B. Denied a timely filed appeal 'with prejudice' and without any case briefs.

C. Lied it was not timely appealed in orders they fraudulent first signed as a corporate fiction "BY THE COURT" and not in their judicial capacity. A corporate fiction may not take an Oath of Office and thereby may not hold an office of public trust, thus the orders were null and void as BY THE COURT had a permanent disability. (Constitution of the United States of America, Article XIV, Clauses 3 and 4 – Disability to hold office in certain cases).

D. Willfully failed to write any constitutional compliant orders and expected their personal 'opinions' to be treated as law.

E. Issued orders repugnant to the Constitution to conceal Flynn's civil rights violations.

F. Issued orders contrary to court rules.

G. Refused to investigate Flynn's corruption and denial of Montalbano's Constitutional Civil rights in accordance with due process of law.

H. The three individuals knowingly issued three sets of fraudulent extortion orders against Montalbano (October 21, 2020, November 19, 2020, and December 10, 2020) and violated their Oath of Office and Due Process of Law.

685. It is not proper in the regular conduct of a lawsuit for judges to lie in Court orders in direct opposition to Court Rules that is an abuse of process.

686. It is not proper in the regular conduct of a lawsuit for Judges to knowingly write orders that take away civil rights that is an abuse of process.

687. Grove, Terry, and Gomez conspired with Flynn, Goode, and Yanaros, to extort Montalbano through abuse of process, color of law, color of office, and color of official right in cases 2020CA1775 (18CV50).

688. Flynn, Grove, Terry, and Gomez did not follow court rules, due process of law, or Constitutional Law and violated their Oath of Office and are trespassers in law with Flynn and all lost subject-matter jurisdiction and all of their orders in case 2020CA1775 (18CV50 ) are void and of no force or effect [95] and are open to collateral attack in this instant case.[96]

689. Montalbano will further prove these actions lacked a reasonable factual or cognizable basis in law.

### DAMAGES AND RELIEF

690. Ms. Montalbano was damaged financially, having to retain legal counsel and defend against multiple vexatious and malicious extortion cases of Goode and Yanaros' that had no reasonable basis in the law, and from having to defend against prejudice and vexatious Judges failing to honorably perform their judicial duties.

---

[95] Id at 72. *Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974)*
[96] Id at 86.  McLean v. Jephson, 123 N.Y. 142, 25 N.E. 409.

691. Montalbano has been damaged by having to invest most all her time, for well over two and a half years, addressing baseless lawsuit after baseless lawsuit opened by Goode and his improper Texas based counsel, Yanaros, and researching the law(s) and other matters due to them, Flynn, Grove, Gomez, and Terry, committing ongoing acts of treason instead of performing their sworn upon duties.

692. Montalbano's personal and professional reputation have and continue to be damaged by the ongoing extortion, abuse of process, malicious prosecutions, harassment and libel and slander (defamation) Goode and Yanaros perform via Abuse of Process on multiple court records with their knowingly false declaratory pronouncements that have no basis in the law or in fact and evidence.

693. Montalbano has been damaged emotionally, having to endure enormous amounts of anxiety, stress, and depression due to these repeat vexatious, malicious, and baseless cases and dealing with multiple dishonorable Judges and Public Servants within and without case 18CV50.

694. Montalbano's sleep cycles have been interrupted along with her dream recall, which is crucial to her profession of predictive dream research.

695. Montalbano's personal life has been severely impacted as she cannot enjoy spending time with her family or friends, or enjoy regular daily life, due to dealing with these many malicious and vexatious cases, avoidance and evasion tactics, and extortion practices of The Enterprise and Public Servants.

696. Ms. Montalbano's professional life as an artist and author has been severely damaged as professional associates don't want to work with Montalbano for fear of their own safety, their family's safety, lawsuits, extortion, public defamation, and being harassed like Montalbano has been and has endured for years.

697. Based upon the facts of all Twenty Claims stated herein, Montalbano believes she is entitled to injunctive relief and to recover damages for the foregoing act of Abuse of Process to include:

### Injunctive Relief

a. Order Goode and <u>Yanaros</u> to stop lying on court records and stop opening frivolous, baseless, vexatious, and malicious cases against Montalbano.

### Monetary Damages

b. Actual damages proximately caused as a result of the proceedings, emotional distress, humiliation, injury to reputation, loss of time and business since June 2018, attorney/legal fees, self-representation fees, and punitive damages for willful and malicious abuse of process to extort Montalbano and any other relief the Court deems just.

c. See claims 12, 13, 15, and 16, for related damage specifics.

### COUNT 15
### (15) MALICIOUS PROSECUTIONS
### (Goode, Yanaros)

698. Montalbano incorporates the General Allegations in ¶¶1-281 by reference and in particular ¶¶211-279.

699. Goode and Yanaros, were party to multiple actions against Montalbano that were resolved in Montalbano's favor. There was no probable cause for the actions and Goode and Yanaros lacked either a reasonable or good faith belief that the actions would be successful or were warranted in any way. The actions were brought with malice and improper motives and Montalbano suffered damages as a result.

700. Montalbano incorporates be reference the allegations in Claims 12, 13, 14, and 16, as evidence of malicious prosecutions and malicious civil rights violations.

701. The 1st failed Broomfield stalking case (mid-June 2018) was a Malicious Prosecution effort.

702. The 2nd failed Broomfield stalking case claim (July 17, 2018 thru August 6, 2018, 18C103) was a Malicious Prosecution case.

703. The improper removal of case 18CV50 to the Denver Federal Court August 13, 2018 through December 3, 2018 and filing a fake complaint, was a malicious act.

704. The 3rd failed Broomfield stalking case claim, 20C32, (March 11, 2020 thru June 22, 2020) was a Malicious Prosecution case.

705. This instant case as filed by Goode and ~~Wilde~~ Yanaros, is a Malicious Prosecution case.

706. Upon information and belief, all five (5) of these opposing party case filing efforts, to obtain stalking protection orders or stalking judgments against Montalbano, were performed maliciously and constitute Malicious Prosecutions, extortion, and violation of the Colorado Codes of Professional Conduct and of Montalbano civil rights.

### DAMAGES AND INJUNCTIVE RELIEF

707. Montalbano has been severely personally, professionally, financially and emotionally damaged by all these ongoing malicious and baseless case efforts.

708. Montalbano suffers severe anxiety anytime the doorbell rings thinking it's going to be another process server for another malicious case by the opposing party.

709. Montalbano has suffered severe interference with her professional life and art career since April 18, 2018, having to spend the last two and half years being her own full time lawyer and paying for what legal counsel she can afford along the way.

710. Montalbano's business Ari Stone Art LLC has suffered severely and is on the brink of closing due to having to spend all her time, investment seed money, and resources on defending herself legally and spending vast amounts of time researching the law and writing papers instead of promoting her art and building professional relationships and consumer goodwill.

711. Montalbano's publishing business through Ari Stone Art LLC has suffered severely as she has not been able to invest her time and resources into promoting her award winning book "Dreams The Missing Text" and has not been able to spend time writing business proposals for major book distributors or film producers for television series, due to having to spend most all

her time researching the law and defending against these many and varied malicious cases and working extremely hard to have her own claims heard in order to protect her rare and exceedingly valuable Intellectual Property.

712. Montalbano believes she is entitled to the following Injunctive Relief for Malicious Prosecutions:

   a. **Preventative Injunctive Relief:** Restrain Goode and ~~Wilde~~ Yanaros from filing any more    malicious and baseless cases and claims against Montalbano.

713. Based upon the facts of all Twenty Claims stated herein, Montalbano believes she is entitled to injunctive relief and to recover damages for the foregoing act of Malicious Prosecutions to include actual damages proximately caused as a result of the proceedings, emotional distress, humiliation, injury to reputation, loss of time and business, attorney/legal fees, compensation for Montalbano's times in self-representation, and punitive damages, along with preventive Injunctive Relief and any other relief the Court deems just. See claims 12, 13, 14, and 16  for related damage specifics.

**RICO
COUNT 16
(16) Extortion 18 USC 1951, 1952(a)(3) and (b)
(The Enterprise, Public Servants)**

714. Montalbano incorporates the General Allegations in ¶¶1-281 by reference and in particular ¶¶211-279.

715. Goode, Wilcock, Yanaros, Lorie, their associates and Flynn, used extortion to maintain Goode and Wilcock's unlawful use of Montalbano's valuable Trade Secret research and