IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-02224-CNS-KLM

THOMAS D. SEAMAN, individually and
JAMES COREY GOODE, individually,

      Plaintiffs,

v.

ALYSSA CHRYSTINE MONTALBANO,

      Defendant.

---

## ORDER

---

Before the Court is Defendant Alyssa Chrystine Montalbano's Objection to the Magistrate Judge's Recommendation and Notice requesting the disqualification of the Magistrate Judge (ECF Nos. 23 and 24). For the reasons set forth below, the Court OVERRULES Ms. Montalbano's Objection. The Court AFFIRMS the Magistrate Judge's recommendation (ECF Nos. 19 and 20) to remand this civil action to state court. Accordingly, Plaintiff James Corey Goode's Motion to Remand (ECF No. 15) is GRANTED.

### I. BACKGROUND

A brief summary of this action's relevant background suffices. In August 2022, Ms. Montalbano removed a state court action to federal court (ECF No. 1). In September 2022, Mr. Goode moved to remand this action to state court on the grounds that Ms. Montalbano improperly removed the state court action for several reasons (ECF No. 15). The Magistrate Judge issued a

Show Cause Order in October 2022, ordering Ms. Montalbano to show cause why this action should not be remanded to Mesa County District Court (ECF No. 16). Ms. Montalbano responded to the Magistrate Judge's Show Cause Order (ECF No. 18). The Magistrate Judge was not persuaded by Ms. Montalbano's Response, and recommended remand of this action to Mesa County District Court in November 2022 (ECF Nos. 19 and 20). Ms. Montalbano timely filed her Objection to the Magistrate Judge's Recommendation (ECF No. 24). The same day Ms. Montalbano filed her Objection to the Magistrate Judge's Recommendation, she also filed a request to disqualify the Magistrate Judge (ECF No. 23). Ms. Montalbano has filed numerous other motions since removing this action, including an "Emergency Motion Protective Order Stay," a motion to recuse the Magistrate Judge, and a "Motion to Claim and Exercise Constitutional Rights and Require Presiding Judge to Rule Upon This Motion And All Public Officers of this Court" (ECF Nos. 10, 12, 22).

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III. ANALYSIS

Ms. Montalbano's essential objection to the Magistrate Judge's remand recommendation is that the Magistrate Judge failed to apply the proper legal standards in determining that remand was appropriate (*See* ECF No. 24 at 7).[1] The Court disagrees.

The Magistrate Judge correctly applied the legal standards governing removal and remand (*See, e.g.*, ECF No. 19 at 3-5). Applying these standards to Ms. Montalbano's Notice of Removal and her Response to the Show Cause Order (ECF Nos. 1 and 18), the Magistrate Judge concluded that this case must be remanded "on the basis of untimeliness" (ECF No. 19 at 3). As the Magistrate Judge concluded, Ms. Montalbano failed to file her removal notice within the statutorily required timeframe (*Id.*). *See also* 28 U.S.C. § 1446. Mr. Goode advanced the same argument in his Motion to Remand (*See* ECF No. 15 at 1). The Court agrees with the Magistrate Judge and Mr. Goode that remand is appropriate because Ms. Mantalbano's removal of this action was untimely. *See, e.g.*, *Casey v. Williams Prod. RMT CO.*, 599 F. Supp. 2d 1250, 1252 (D. Colo. 2008) (remanding case because the defendants did "not compl[y] with the obligatory deadline imposed" by 28 U.S.C. § 1446(b)). Moreover, Ms. Montalbano's failure to timely file a notice of removal means that she has "waived [her] right to remove what [she] contends is a federal question claim." *Krueger v. Kissinger*, 37 F. Supp. 3d 1200, 1206 (D. Colo. 2014) (citation omitted).

The result of this ruling is that Ms. Montalbano's case will return to Mesa County District Court, and that this Court does not have jurisdiction over this case. Any new motions Ms.

---

[1] As she is proceeding without the assistance of counsel, the Court liberally construes Ms. Montalbano's filings. *See, e.g., Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Montalbano files before this Court will be denied because the Court does not have jurisdiction to consider them.

## IV. CONCLUSION

Consistent with the above analysis, the Court OVERRULES Ms. Montalbano's Objection to the Magistrate Judge's Recommendation (ECF No. 24). The Magistrate Judge's Recommendation (ECF Nos. 19 and 20) is AFFIRMED. Accordingly, the Court GRANTS Mr. Goode's Motion to Remand (ECF No. 15). Given that remand of this action is warranted, the Court DENIES Ms. Montalbano's "Emergency Motion Protective Order Stay," motion to recuse the Magistrate Judge, "Motion to Claim and Exercise Constitutional Rights and Require Presiding Judge to Rule Upon This Motion And All Public Officers of this Court," and request to disqualify the Magistrate Judge as MOOT (ECF Nos. 10, 12, 22, 23).

DATED this 16th day of November 2022.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge